CHARLES H. PLUMMER v. FREDERICK A. KENNEDY ET AL.

*Public buildings—Bond for protection of laborers and material-
men—Neglect of officers—Counties—Board of super-
visors—Erection of poor-house.*

1. The board of supervisors of a county have *exclusive* authority
   over the subject of the erection of houses for the reception
   of the poor of their county, and in its exercise may employ
   such agents as they choose to execute what they have deter-
   mined to do.

2. Members of a board of supervisors, appointed by the board to act
   as a committee in conjunction with the superintendents of the
   poor to let a contract for rebuilding a county poor-house,
   and who let said contract in behalf of the county, are agents
   of the board within the intent and spirit of section 1 of Act
   No. 45, Laws of 1885, requiring in such cases the execution
   of a bond by the contractor for the payment of labor and
   materials.

3. Act No. 94, Laws of 1883, making it the duty of officers who
   contract for the erection of public buildings to require
   security from the contractor for the payment of labor and
   materials, is held constitutional by a majority of the Court.[1]

Error to Jackson. (Gridley, J.) Argued June 22, 1888.
Decided November 1, 1888.

Case. Defendants bring error. Affirmed. The facts
are stated in the opinion.

*Eugene Pringle,* for appellants Kennedy and Anderson,
contended:

1. The board of superintendents of the poor is a statutory board,
   and its powers, as also those of its members, are defined by
   statute; citing How. Stat. §§ 1756–1812; and their power in
   regard to the erection of poor-houses is limited to the case of
   their first erection, and when it is done by the express order

---

[1] See *Owen v. Hill,* 67 Mich. 43, for a discussion by Mr. Justice
CHAMPLIN of the provisions of this statute. See, also, *Avery v.
Supervisors,* 71 Mich. 538.

of the board of supervisors; citing How. Stat. §§ 1759 (subd. 1), 1760, 1761.

2. If any suit is maintainable, it should have been against the board of supervisors, and not the defendants; citing *Bartlett v. Crozier*, 17 Johns. 429.

3. The superintendents of the poor are a corporation, and if·liable for neglect of duty the action should be against the corporation, and not the individual members; citing 7 South L. Rev. 40, and cases cited; and it has been held that want of funds is no defense where the power to raise them belongs to the board, but that the rule is different where a single officer is to be charged personally; citing *Smith v. Wright*, 27 Barb. 627.

4. The power to act for the county in this case was vested exclusively in the board of supervisors, and it is doubtful whether the Legislature could confer it upon any other board or officer; citing Art. 4, § 38, Const.; *Allor v. Auditors*, 43 Mich. 76; *Letters of Judges to Governor*, Id. 641; and the board of officers or agents referred to in this act of 1883 must under it be necessarily the board of one of the political entities named, and not the mere ministerial agency of an authorized board.

*Hammond, Barkworth & Cobb,* for appellants Watts and Berry, contended as stated in the opinion.

*Thomas A. Wilson,* for plaintiff, contended:

1. A public officer having ministerial duties to perform, in which a private individual has a special and direct interest, is liable to such individual for any injury sustained by him in consequence of a failure to perform such duties, and honest intention will not excuse him; citing *Raynsford v. Phelps*, 43 Mich. 344; *Owen v. Hill*, 67 Mich. 43; *Robinson v. Chamberlain*, 34 N. Y. 389.

2. It can make no difference that the plaintiff had no interest at the time the defendants violated their duty, it being a continuing wrong, and it is sufficient that he shall at any time become one of the class to whom the duty is owing; citing *Adsit v. Brady*, 4 Hill, 630; *Robinson v. Chamberlain*, 34 N. Y. 389; *Hover v. Barkhoof*, 44 'Id. 113; *Hayes v. Porter*, 22 Me. 371.

CHAMPLIN, J.    This is an action on the case by the plaintiff, as a material-man, against Kennedy and Anderson, as superintendents of the poor, and Berry and Watts, as members of a committee of the board of supervisors of

Jackson county, acting with the superintendents of the poor in the construction of a county-house, to recover for materials furnished to the contractors. The right of action is claimed under Act No. 94, Laws of 1883, as amended by Act No. 45, Laws of 1885, for the neglect of the persons above named to require a bond from the contractor for the protection of laborers and material-men, as provided by the act.

Anderson and Kennedy are alleged in the declaration to be the superintendents of the poor of Jackson county, and one Horatio S. Smith was averred to be the other member of the board. The declaration also avers that Berry and Watts were members of the board of supervisors of said county; that the superintendents of the poor were, by a resolution adopted by the board of supervisors, together with a committee thereafter to be appointed and selected from the members of the board, duly authorized, empowered, and directed to let the rebuilding of a county-house by contract to the lowest bidder, to be constructed under the supervision of a competent architect, with the advice and consent of said superintendents of the poor, and said committee so to be appointed by the said board of supervisors from the members thereof, or of such member thereof as the said board might thereafter designate.

That afterwards the board of supervisors appointed as such committee George Berry, John W. Watts, and William H. Adams, each being a member of said board of supervisors, to act as an advisory committee to co-operate with said superintendents of the poor in the proposed construction of the said county-house; that afterwards defendants Kennedy and Anderson, acting for and in the name of the superintendents of the poor, and Berry and Watts acting for and in the name of said advisory committee, entered into a contract, in behalf of said county of Jackson, with the firm of W. H. Myers & Son, of

Hillsdale, Mich., for the furnishing of materials for and the construction of a certain building, to be known as the "County Poor-house," of the county of Jackson, which contract provided that the firm of W. H. Myers & Son should erect and complete the brick and carpenter work to be done on said building, and furnish material necessary therefor, the same being a public building, and to be built at the expense of the county of Jackson, upon the farm known as the "County Farm," which was then and there the property of said county, and situated in the township of Blackman, in said county; and that the said William H. Myers & Son, in pursuance thereof, entered into the performance of such contract.

The declaration then avers the duty of defendants to require sufficient security by bond for the payment by the contractors for all material and labor furnished to and performed for them in the erection and repair of the building mentioned in the contract, as required by said public law above referred to; that plaintiff after the execution of the contract as aforesaid, entered into a contract with William H. Myers & Son to furnish certain materials to be used in the construction of the building, and did furnish the same, which were so used, to the value of $986, which W. H. Myers & Son agreed to pay plaintiff therefor; that the contractors never completed the building under their contract, but failed, and were pecuniarily unable to do so, and the same was taken off their hands by defendants, and completed by them; that William H. Myers & Son owed said plaintiff $986 for the material so furnished and used, but became, were, and are wholly irresponsible, so that the said debt cannot be collected of them, or either of them.

The declaration then avers as follows:

"And for that, whereas, also, the said defendants, in disregard of their duty aforesaid, negligently and carelessly,

and in disregard of the rights of this plaintiff, neglected
to require of said contractors, W. H. Myers & Son, the
bond aforesaid, and permitted the said firm of Myers &
Son to take and enter into said contract for the construc-
tion of said county building, and to enter upon the per-
formance thereof, without giving security, by bond or
otherwise, for the payment of said contract for the labor
and material ·furnished them, as required by said statute,
and in consequence whereof there is now no fund to which
the said plaintiff can resort for the collection of his said
debt; whereby and by reason of said conduct and neglect
of duty of the said defendants, and the provisions of the
said statute, an action hath accrued to the said plaintiff
to recover of the said defendants the said sum of nine
hundred and eighty-six dollars, with interest thereon from,
to wit, the 1st day of September, A. D. 1886, to the
plaintiff's damage two thousand dollars. Therefore he
brings suit."

Berry and Watts demurred generally, without specifying
any cause. Kennedy and Anderson demurred, and spec-
ified the following causes:

"1. That it does not appear by the plaintiff's declara-
tion, either—

"a—That the defendants were acting in their individual capacity;
or—

"b—That they had power to bind their county by contract;
or—

"c—That they had authority, as individuals, to prescribe the
amount, approve the sureties, or have in custody any bond given
as security for the benefit of laborers or material-men; or—

"d—That the plaintiff, in making sales of material, relied upon
the defendants; or—

"e—That the defendants had or have moneys of said county sub-
ject to their order and control.

"2. That it does appear by said declaration—

"a—That the actings or doings of the defendants in the prem-
ises were wholly and only as members of the corporation of the
superintendents of the poor of the county of Jackson.

"b—That the only board competent to act in the premises was
the board of supervisors of the county of Jackson.

"c—That the claim of the plaintiff rests wholly upon a statute
by which it was attempted to legislate for other purposes, and dif-

ferent purposes, than those expressed in its title, and which is therefore unconstitutional and void.

"3. That the said declaration in other respects is uncertain, informal, and insufficient."

Joinders in demurrer were filed, and the court below overruled the demurrers, with leave to plead.

It is urged, in behalf of the demurrer of Berry and Watts, that they were not officers contracting on behalf of the county; that they had no such power, and could not by their signatures add anything to the validity of the contract; that the powers of the committee were in no sense contracting powers, but merely advisory; that it does not appear to have been the intention of the board of supervisors, by the resolution appointing the advisory committee, to do anything more than to assist the board of superintendents of the poor, in the work supposed to be properly theirs, by advice and counsel.

The board of supervisors of the county have exclusive authority over the subject of the erection of houses for the reception of the poor of their county, and in the exercise of this authority they may employ such agents as they choose to execute what they have determined upon to do. I think it sufficiently appears from the declaration that the defendants were duly authorized to act as agents of the board, and are directly within the letter and spirit of section 1 of Act No. 45, Laws of 1885. They were authorized and directed to let the contract to the lowest responsible bidder, and they entered into a contract for and on behalf of Jackson county. The county has recognized, and not repudiated, the contract, and the question of want of legal authority to bind the county does not arise in this action.

If it should be held that the agents employed might neglect the duty imposed by the statute, and then escape liability by setting up a want of authority, the statute

might be easily evaded, and its protection to those relying upon the good faith of the transaction be entirely lost.

I have been unable to discover any constitutional objection to the statute, nor any difficulty to its enforcement.

It would be needless for me to review the several provisions of the statute, as the opinion expressed by me in *Owen v. Hill*, 67 Mich. 43 (34 N. W. Rep. 652), remains unchanged.

I think that the judgment of the circuit court should be affirmed.

SHERWOOD, C. J., and LONG, J., concurred with CHAMPLIN, J.

CAMPBELL, J. I do not think defendants are liable for the neglect charged.

MORSE, J., concurred with CAMPBELL, J.