## Charles Ihk *vs.* Duluth City.

Argued June 28, 1894.   Affirmed July 13, 1894.

No. 8688.

**Municipal duties relate to local or special interests.**

> The duty imposed by the charter of the city of Duluth upon the board of public works to take a bond for the security of laborers and material men when letting a contract for a public improvement is not a municipal or corporate duty, and the city is not liable for failure to take the bond.

Appeal by plaintiff, Charles Ihk, from a judgment of the District Court of St. Louis County, *Charles L. Lewis*, J., entered January 25, 1894, that he take nothing by his action.

On July 15, 1890, Forrestal Bros. contracted with the defendant the City of Duluth, to curb and pave Fourth Street in that city between Fifth Avenue west and Sixth Avenue east, and to furnish and pay for all labor and material used in the work.   They gave the city a bond with two sureties in the penal sum of $16,000 conditioned to be void if they performed the work and paid for the labor and material.   They failed to perform and they and one of their sureties on the bond became insolvent.   On September 25, 1890, they assigned their contract to Henry H. Bell the other surety

on their bond and transferred to him the material on hand and all their claims against the city. He accepted and carried on the work for over a year but also became insolvent and made a general assignment of all his nonexempt property for the benefit of his creditors. The Board of Public Works of the city by resolution passed March 5, 1891, formally consented to the transfer to Bell. The total actual cost of the work was $48,983.12. Less than $1,500 of the work had been done when Forrestal Bros. assigned their contract to Bell. He gave no new bond for the performance of the work or for the payment of claims for labor or materials, nor did the city or the board demand one. Between October 1, 1890, and October 1, 1891, plaintiff furnished Bell with cedar blocks to be used and which were used by him in the work to the value and of the agreed price of $3,690, no part of which has been paid. Plaintiff brings this action against the city to recover of it that sum, on the ground that it failed to require and obtain of Bell a bond as provided by its charter. Sp. Laws 1887, ch. 2, subch. 5, § 5. The defendant answered and the issues were tried April 29, 1893. The court made findings of these facts and ordered judgment for defendant on the ground that the obtaining of such bond was not a municipal duty. Judgment was entered on the findings and plaintiff appeals.

*Austin N. McGindley,* for appellant.

The arrangement between Henry H. Bell and the defendant in pursuance of which Bell as a contractor performed all work and furnished all material in completion of the Fourth Street contract, constituted a reletting of said contract to Bell. *Arkansas V. S. Co.* v. *Belding M. Co.,* 127 U. S. 379; *Delaware Co.* v. *Diebold Safe Co.,* 133 U. S. 473.

In view of the fact that defendant held out and represented Bell as in all respects a *bona fide* contractor with a regular and lawful contract, and that defendant has accepted and enjoyed the benefits of the work performed by Bell under said contract, the defendant is estopped from alleging any irregularities in the making of the contract under which Bell performed said work. *National Tube Works* v. *City of Chamberlain,* 5 Dak. 54; *Davis* v. *City of Jackson,* 61 Mich. 530; *Maguire* v. *City of Rapid City,* 6 Dak. 346; *Albany C. N. Bank* v. *City*

*of Albany,* 92 N. Y. 363; *Schmidt* v. *County of Stearns,* 34 Minn. 112; *Moore* v. *Mayor,* 73 N. Y. 238; *Commissioners of Knox County* v. *Aspinwall,* 21 How. 539; *Moran* v. *Commissioners,* 2 Black, 722; *Bissell* v. *City of Jeffersonville,* 24 How. 287; *Marsh* v. *Fulton Co.,* 10 Wall. 676.

The defendant having let the contract to Bell, its negligence in not taking from him a proper bond for indemnification of laborers and material men renders it liable in an action for damages such as that at bar.

Had defendant at the time of reletting the contract to Bell, notwithstanding the fact that it was irregularly let, taken a bond for the indemnity of material men and laborers, such bond would have been as available to plaintiff as if all of the preliminaries to the letting of the contract had been fully observed, and as if the contract were in all respects regular and legal. *Hayden* v. *Cook,* 34 Neb. 670.

The municipal corporation is liable for the omission of its officers or agents when those acts or omissions are violations of absolute and ministerial duties. This rule rests upon the principle that a municipal corporation is, like all other persons, natural or artificial, liable for the proper performance of duties which are not discretionary or legislative in their nature, but which are absolute and ministerial. *Evanston* v. *Gunn,* 99 U. S. 660; *Barnes* v. *District of Columbia,* 91 U. S. 540; *Nelson* v. *Canisteo,* 100 N. Y. 89; *Ehrgott* v. *Mayor,* 96 N. Y. 264; *Noonan* v. *Albany,* 79 N. Y. 470.


*Page Morris,* for respondent.

There was no reletting to Bell of the contract for this improvement. The acquiescing in and consenting to the assignment from Forrestal Bros. to Bell and allowing him to complete the contract was not in legal effect a reletting of the contract to Bell. The result must be that the appellant had his remedy on the bond given by the Forrestal Bros. with Bell and Anderson as sureties, and if the parties liable on that bond are insolvent, he must lose his claim. *Sepp* v. *McCann,* 47 Minn. 364; *Steffes* v. *Lemke,* 40 Minn. 27.

But admitting that the arrangement, as appellant calls it, between Bell and the city, constituted a reletting of the contract to Bell, the city is not liable to plaintiff, or to any person furnishing

material for said improvement, in an action for damages for negligence for the failure of the Board of Public Works to take the bond provided for by the charter. The Board of Public Works acts by virtue of the powers conferred by the charter; its powers are conferred by the legislature, and it exercises these powers in obedience to the act of the legislature for the public generally. Its duties in respect to the taking of bonds for the protection of laborers and material men are such that the corporation, as such, derives no special benefit therefrom in its corporate capacity. Its duties in this regard are wholly public in their character, and not municipal, and it must be clear that the city should not be held liable either for the misfeasance or nonfeasance of the board in the performance of these duties. 2 Dillon Municipal Corp. § 976 et seq.; *Bryant* v. *City of St. Paul*, 33 Minn. 289; *Eaton* v. *City of Monroe*, 63 Mich. 525; *Amperse* v. *City of Kalamazoo*, 75 Mich. 228; *Condict* v. *Jersey City*, 46 N. J. Law, 157.

A municipal corporation is only liable for the tortious acts and omissions of its officers or agents when these acts or omissions are violations of absolute and ministerial duty, and this duty must, even though ministerial, be not for the public but for the private advantage of the corporation. A distinction is made between torts committed by municipal officers or agents in the discharge of public duties, and those committed in the discharge of purely municipal or corporate duties; the municipality being held liable for the latter but not liable for the former. 1 Beach, Public Corp. §§ 260, 740; *Wallace* v. *Menasha*, 48 Wis. 79; 2 Dillon Municipal Corp. § 966; *State Bank* v. *Heney*, 40 Minn. 145.

GILFILLAN, C. J. The charter of the defendant provides (Sp. Laws 1887, ch. 2, subc. 5, § 5) that, whenever the board of public works shall award a contract for making any of the improvements mentioned in the subchapter, the person to whom it is awarded shall furnish to the city a bond with sufficient sureties, to be approved by the board of public works, conditioned that he will execute the work for the price mentioned in the bid, and according to the plans and specifications, and that he will pay for all labor done and material furnished for said improvement.

As held in *State Bank of Duluth* v. *Heney*, 40 Minn. 145, (41 N.

W. 411,) an action on the bond, even to enforce the claims for labor and material, must be brought in the name of the city. For that purpose it occupies the position of a trustee.

For the purpose of reaching the question on which the case will be decided, we will concede, what is by no means clear, that on the transfer of the contract by the original contractors to Bell the original bond was discharged, and it was the duty of the board of public works to take a new bond, as upon a reletting of work. It then presents the question, is the city liable to those furnishing labor and material to contractors making public improvements, for a failure of the board of public works to take such bond? The bond is, in its character and purpose, double. It is—First, security to the city for the performance of the contract to do the work; second, security to those who may furnish labor or material to the contractor for the work.

The liability of the city depends on whether the duty imposed on the board to take the bond is, so far as concerns those who may furnish labor and material, a municipal or corporate duty, or is a duty imposed on the board, as an agency of the state, for the public or general (not corporate) benefit.

The distinction between these two classes of duties,—i. e., municipal or corporate duties, and public duties,—and that for misfeasance or nonfeasance, that in the one case the municipality will be liable and not in the other, is well established. 2 Dill. Mun. Corp. §§ 966, 967. The difficulty usually lies in determining what are to be deemed municipal or corporate duties and what public duties. The test suggested by Dillon in section 967, that to be a municipal duty it must relate to the local or special interests of the municipality, is the most reasonable and satisfactory test, and was applied by this court in *Bryant* v. *City of St. Paul*, 33 Minn. 289, (23 N. W. 220.)

Tried by that test, the duty to take a bond for security of laborers and material men was a public, and not a corporate, duty; in other words, it was imposed on the particular officers, and not on the corporation as such. It did not relate to the local or special interests of the municipality nor of its citizens. It was a matter of indifference to the city that those claims were or were not secured. Such a bond, when taken, operates as security not merely

for those who reside in the city, but equally for those who reside elsewhere,—in Wisconsin for instance.

Judgment affirmed.

BUCK, J., absent, sick, took no part.

'(Opinion published 59 N. W. 960.)

Application for reargument denied October 9, 1894.