HYDRAULIC PRESS BRICK COMPANY, Appellant, v.
SCHOOL DISTRICT OF KIRKWOOD et al.,
Respondent.

St. Louis Court of Appeals, April 18, 1899.

Construction of a School Building: CONTRACTOR'S BOND: SEC_
TIONS 1 AND 2 ACT OF 1895, CONSTRUED: LIABILITY OF DIRECTORS
INDIVIDUALLY. In the case at bar, but for the exemption, appellant
shows a right to a mechanics' lien and therefore would have had a
right of action on the contractor's bond had one been given. The
act of 1895 names the county, the city, the town and the school dis-
trict, as distinct and separate entities upon each of which the duty is
imposed to require that the bond be given. Held, that the failure to
perform this duty was the negligence of the corporation and not of
the individuals who composed the board of directors of the district.

*Appeal from the St. Louis City Circuit Court.*—HON.
RUDOLPH HIRZEL, Judge.

AFFIRMED.

MCKEIGHAN, BARCLAY & WATTS and W. C. BRYAN for
appellant.

The court should have given declaration of law number
1 in view of the evidence. The evidence offered on part of
the plaintiff was competent and sufficient to prove the con-
tract between the school district and Wilson & Billings, con-
tractors. The suit being an action *ex delicto* not *ex con-
tractu,* the materialman, a subcontractor, on one hand, and
the school district and directors thereof on the other for fail-
ure to perform a ministerial duty, the contract between the
school district and Wilson & Billings, the original contractors,
was collateral to the issues. It was a contract between one
party to the suit and a third person, and therefore parol evi-
dence was admissible to prove said contract. Browne on Evi-

dence, p. 5; sec. 7, p. 7; sec. 1, pp. 9, 10; secs. 14 and 15, p. 18; sec. 18, p. 19; Woods' Practice Ev., p. 4, sec. 2; Whitfield v. Brand, 16 M. & W. 282; Concord v. Bank, 16 N. H. 26. The court should have given declaration of law, number 3. Where the fact or execution of the instrument was to be proven, and not the issue thereof, such fact or execution may be proven by parol.   Rombart v. Cohen, 4 Esp. 213; Stephen's Digest of the Law of Evidence, p. 164; Widdefield v. Widdefield, 2 Bunn 245; Cutler v. Thomas, 25 Ver. 73; Supples v. Louis, 37 Conn.; 1 Greenl. on Ev., secs. 11, 52, 53, and 89.   The courts go even farther than those already cited and it is held "that the contents of a written instrument, which is not the foundation of the claim in suit, but merely collateral and incidental to it, may be proven by parol." Sommer v. Oppenheim, Sup. C. T. App. Term, 19th Misc. 605—44th N. Y. Sup. 396, Term, 18th Misc. 736; Engel v. Eastern Brew. Co., S. C. Appeals Court Term, 19th Misc. 632—44th N. Y. Sup. 391.   Proof of the facts, to which the document relate is not prohibited by the rule forbidding parol evidence.   Calloway v. Henderson, 130 Mo. 77; Rogers v. Ramey, 137 Mo. 598, loc. cit. 688.   The rule, that parol testimony may not be given to contradict a written contract, applies in suits between the parties to it or their privies.   In a contention between the party to an instrument and a stranger, either can give parol testimony differing from the contents of the instrument.   Lowell Mfg. Co. v. Ins. Co., 88 N. Y. 593.   The rule that parol evidence shall not be received to contradict or vary a contract which is in writing applies only in controversies between parties, promisors and promisees in such contracts.   The writing is not conclusive as between one of the contracting parties and a third person.   Hankinson v. Vantine, 152 N. Y. 20; 46 N. E. Rep. 292; Lee v. Adsite, 37 N. Y. 78, loc. cit. 94; Condite v. Dowdry, 123 N. Y. 464-469, citing McMaster v. Ins. Co., 55 N. Y. 222, and Chapin v. Dobson, 78 N. Y. 74.

O. J. & R. Lee Mudd for respondent.

The duty imposed by the first section of the act is a general public duty, not specifically owing to the plaintiff. The plaintiff is not in a position to have an action for its nonperformance. State v. Harris, 89 Ind. 363; Held v. Bagwell, 58 Iowa, 139; Strong v. Campbell, 11 Barb. 135; East River Light Co. v. Donnelly, 93 N. Y. 557. It is true the plaintiff may voluntarily put himself in a position where he may become personally interested, but the duty is not required in the first place with any personal reference or relation to him. The statute gives him a right to sue on such a bond, where one has been given. "Every person furnishing material for any contractor with any  *  *  *  school district, where bond shall be executed as provided in section one, shall have the right to sue on such bond." A failure of the school district to take a proper bond, under this statute, is a corporate neglect, and not a neglect of any individual member. The statute, by a proviso clause, expressly exempts the school district from any liability, and as no evidence was adduced tending to show against any of the defendants, any neglect of individual duty, there is no liability and the judgment was right. Donovan v. McAlpin, 46 N. Y. Sup. Ct. 111; Bassett v. Fish, 75 N. Y. 303; R. S. 1892, secs. 7969 and 8083.  *  *  *  As a prerequisite to any right to claim a liability against the individual director, indeed before evidence may be lawfully adduced tending to show individual neglect of duty, there must first be shown a contract between the corporation, of which he is a member, and some other person or party, for the erection of a public building. Until that is shown no duty is cast upon the governing body of the corporation to require any bond. See the Act of 1895, Sess. Acts, p. 240. The mere signing of the paper read in evidence, and purporting to be a contract of Wilson & Billings with the school district, is not sufficient evidence to

prove a contract with the school district. Something more must be shown. R. S. 1889, sec. 8087. No attempt was made by plaintiff to show any compliance with the requirements of this statute. The records of the board were not adduced in evidence. No such offer was made. Head v. School Dist., 45 Mo. App. 660; Kane & Co. v. School Dist., 48 Mo. App. 409; State ex rel. v. Lockett, 54 Mo. App. 202.

BLAND, P. J.—The plaintiff counts upon the following alleged facts: That the Kirkwood School District on the thirty-first of May, 1897, entered into a contract with Wilson & Billings, for the erection of a school building for the district; that Wilson & Billings sublet the brick work of said building to Otto Schwartzburg; that plaintiff sold and delievered to Schwartzburg $1,154 worth of brick which were used in the construction of said building; that a balance of $604.12 of the purchase price of said bricks was due and unpaid, and that Schwartzburg is insolvent; that the school district and its directors, the defendants, failed to take from Wilson & Billings the bond provided for by act of the general assembly, approved February 23, 1895; that plaintiff believed when it sold and delivered the bricks to Schwartzburg that such a bond had been given, and relied upon the bond for his pay.

The answer admitted the incorporation of the school district and that the defendants constituted its board of directors, but denied every other allegation. At the trial defendants objected to the introduction of any evidence, on the ground that the petition did not state a cause of action. The court sustained the objection as to the school district, but overruled it as to the directors. The trial, which was to the court, proceeded against the directors, resulting in a judgment for defendants, from which plaintiff duly appealed. The act of 1895 on which appellant relies for support of its right of action reads as follows:

"Section 1. All counties, cities, towns and school districts making contracts for public work of any kind to be done for such county, city, town or school district, shall require every contractor to execute a bond with good and sufficient securities, and such bond, among other conditions, shall be conditioned for the payment of all material used in such work, and all labor performed on such work, whether by subcontract or otherwise.

"Section 2. Every person furnishing material or performing labor for any contractor with any county, city, town or school district, where bond shall be executed as provided in section one, shall have the right to sue on such bond, in the name of such county, city, town or school district, for his use and benefit; and in such suit it shall be sufficient to file a copy of such bond, certified by the clerk or secretary of such county, city, town or school district, which copy shall, unless execution thereof be denied under oath, be sufficient evidence of execution and delivery of the original; provided, however, that this act shall not be taken to in any way make such county, city, town or school district liable to such subcontractor, materialman or laborer to any greater extent than it is liable under the law as it now stands."

The evident purpose of the act is to give a right of action on the bond of the contractor to every person who would have a right to file and enforce a mechanic's lien on the building contracted for, only for the fact that buildings of the corporations named in the act are exempt from operation of the mechanic's lien law. But for the exemption appellant shows a right to a mechanic's lien, and therefore

PURPOSE of act of 1895.

would have a right of action on the contractor's bond had one been given, as required by the above act, and it necessarily follows that if the defendants as directors of the school district are individually liable to any one damnified by reason of the fact that the statutory bond was not required by them

to be given and was not given by the contractors, the appellant is entitled to maintain its action. The act of 1895 does not point out the county judge, the city alderman, the town trustees and the directors of school districts as the persons or collection of persons who shall require the contractor to give the bond for the protection of subcontractor, etc., but names the county, the city, the town and the school districts, as distinct and separate entities on each of which the duty is imposed to require that the bond be given, when it, in its corporate capacity has contracted for the erection of a public building. It is to these corporations and not to the living persons through whom they manifest their will and power that the legislature has spoken, and when the contract for the erection of the school building was let by the school district of Kirkwood, it became its duty to require the contractor to give the bond, the duty was a corporate one, and the failure to perform this duty was the negligence of the corporation, and not of the individuals who composed the board of directors of the district. In the letting of the contract and in their failure to take the bond of the contractors, the directors did not act as individuals engaged in the enterprise of erecting a building but as a board of directors through which the school district manifested its will. In Bassett v. Fisher, 75 N. Y. 303, a school teacher sued the trustees of a school district (incorporated) for injuries incurred from stepping into a hole in the floor of her school room, which had been negligently suffered to become and remain in a state of decay, the court in passing on the liability of the trustees, who were made defendants, said: "For neglect to perform a duty imposed upon a district school corporation the members of the board of trustees are not individually liable, the neglect is that of the corporate body, not of individuals composing it, and the liability rests upon it." The ruling in this case seems to us eminently just, and in strict line with the current judicial decisions on kindred

topics. To hold otherwise would be to establish an exceedingly harsh rule, and to place upon the directors of public school districts and officers of municipal corporations a burden grievous to bear, and one that finds no sanction in the act of 1895, *supra*, and is not imposed by any other legislation of this state of which we have any knowledge. The corporation—the school district—is expressly exempt by the act of 1895 from liability for negligence alleged in the petition; the directors not being individually liable plaintiff's petition stated no cause of action, and the judgment is affirmed. All concur.