J. W. FREEMAN v. THE CITY OF CHANUTE *et al.*
No. 12,369.  (66 Pac. 647.)

SYLLABUS BY THE COURT.

CITIES AND CITY OFFICERS— *Contractors' Bond—Liability of City*.  The obligation placed on public officers by sections 5130, 5131, General Statutes of 1901, to require all persons who contract to make public improvements to give a bond, is a duty for the benefit of the public, and not for the benefit of the corporation for which such improvements are made; and a city is not liable to one who has sustained loss resulting from having furnished material to a contractor, by reason of the neglect of its officers to require a bond.

Error from Neosho district court; L. STILLWELL, judge.  Opinion filed November 9, 1901.  Division one.  Affirmed.

*C. E. Freeman*, for plaintiff in error.

*H. P. Farrelly*, and *John J. Jones*, for defendants in error.

The opinion of the court was delivered by

GREENE, J.: This action was commenced in the district court of Neosho county by plaintiff in error against the city of Chanute and the members of its city council, to recover for certain material sold and delivered by him to O. J. Gorman & Co.

The petition alleged that the city of Chanute entered into a contract with O. J. Gorman & Co. by the terms of which the latter were to furnish material and erect for it a system of water-works in said city for the purpose of supplying water to the city and the residents thereof; that the plaintiff in error, under a contract with O. J. Gorman & Co., sold and furnished to them certain material to be used in the erection of said water-works, which was so used and became permanently a part thereof; that after said company had partially completed the works, and after the material so furnished by plaintiff in error to them had been incorporated into and become a part of said water-works system, they failed in business, became insolvent, and abandoned their contract; that the city took possession of the uncompleted works and let the contract for the completion thereof to another, and the city refused to pay plaintiff in error for such material. This suit was then brought against the municipality and against the individual members of its council.

The contention of plaintiff in error is that the city became liable by reason of the neglect of its officers to take from said contractors, O. J. Gorman & Co., a

a bond, as provided in section 5130, General Statutes of 1901, and that the individual members of the council are liable to him because of their neglect to perform a duty imposed on them by statute, that is, to require the bond of the contractor *provided for in said section.* The city demurred to this petition in the court below, as did each of the other defendants. Upon the hearing, the court sustained the demurrer on the part of the city, and it would seem from the record that it also sustained the demurrer of each of the individual defendants, but counsel for plaintiff in error in his brief makes the following statement:

"The demurrers were sustained, the court holding that the petition did not state a cause of action against the city of Chanute, and holding that said city was not liable to respond in damages for negligence of its officers in failing to take such required bond, but the court carefully refrained from expressing any opinion as to the personal liability of its officers for their failure to take such bond. The court further held that the action was barred by the two-year statute of limitation. The plaintiff in error excepted to the ruling of the court and brings the case to this court."

In his brief, counsel for plaintiff in error assigns the following errors only:

"1. The court erred in sustaining the demurrers and in holding that the city of Chanute was not liable to respond in damages for the neglect of its officers in failing to take from the contractors the bond required under said section 5130.

"2. The court erred in sustaining the demurrers and in holding that the cause of action was barred by two-year statute of limitations."

While it appears from the record that the court below sustained all of the demurrers, the question whether it erred in sustaining the demurrers of the individuals joined with the city, who at the time com-

posed the city council, is not presented to this court and is not relied on as a ground of error.

The statute on which plaintiff in error relies to maintain his action against the city reads as follows :

"That whenever any public officer shall, under the laws of the state, enter into contract in any sum exceeding $100, with any person or persons, for purpose of making any public improvements, or constructing any public building, or making repairs on the same, such officer shall take from the party contracted with a bond with good and sufficient sureties to the state of Kansas, in a sum not less than the sum total in the contract, conditioned that such contractor or contractors shall pay all indebtedness incurred for labor or material furnished in the construction of said public building or in making said public improvements.

"That such bond shall be filed in the office of the clerk of the district court of the county in which such public improvement is to be made or such public building is to be erected ; and any person to whom there is due any sum for labor or material furnished, as stated in section one of this act, or his assigns, may bring an action on said bond for the recovery of said indebtedness : *Provided*, that no action shall be brought on said bond after six months from the completion of said public improvements or public buildings." (Gen. Stat. 1901, §§ 5130, 5131.)

If the city is liable, it must result from some contractual relation or from some enactment of the legislature. It is not claimed that any contract existed between the city and the plaintiff in error, or that the plaintiff in error succeeded to any of the rights of O. J. Gorman & Co. under their contract with the city, or that he is entitled to recover anything by reason of such contract. His sole contention is that by reason of the foregoing statute and the failure of the city officials to take from the contractors the bond therein provided for, the city, as a municipal corporation, is

liable to him for the losses he sustained in not being paid for the material furnished by him to them.

There are two kinds of duties which are imposed on a municipal corporation—one arising from the grant of a special power, in the exercise of which the municipality is a legal individual; the other arising from the use of political rights under the general law, in the exercise of which it is a sovereign. The former power is *quasi* private and is used for private purposes; the latter is public and used for public purposes. (*Maxmillian v. Mayor*, 62 N. Y. 164, 20 Am. Rep. 468; *The State, ex rel., v. Hunter*, 38 Kan. 582, 17 Pac. 177.) In the exercise of its *quasi*-private or corporate power a municipality is like a private corporation, and is liable for a failure to use its power well or for an injury caused by using it negligently. In building its water-works, gas, electric-light plants, sewers, and other internal improvements which are for the exclusive benefit of the corporation, it is in the exercise of its *quasi*-private power and is liable to the same extent as are private corporations. (*The State v. Water Co.*, 61 Kan. 561, 60 Pac. 337, and authorities there cited.) But in the exercise of the political or public power conferred on it as an arm of the state for the benefit of all the people, its officers, although appointed or elected by the city, paid and subject to be discharged by it, are not the agents of the municipality, but of the state, and the corporation is not liable either for their misfeasance or nonfeasance.

Mr. Throop, in his work on Public Officers, section 551, in speaking of the liability of municipal corporations for the acts or omissions of its officers, says:

"With respect to cities, and other municipal corporations, the general rule is that the body is liable

37—63 KAN.

for the acts or omissions of its officers in the lawful discharge of a corporate duty, imposed by law upon the body itself ; but not where the act is for the general public interest, or where the statute specifically imposes the duty upon the officer.''

The duty of taking the bond provided for in the statute quoted is not imposed on the corporation. It is not taken for the benefit of the corporation or its inhabitants, but is for the benefit of any person who shall perform labor or furnish material to the person or persons who contract with a public officer to construct any public improvements, whether such persons be residents of the city or elsewhere. The duty is a public one, in the interest of the public, imposed by statute on public officers, and with which the corporation, in its private capacity, has no concern. An exactly similar case is *Ink v. Duluth City*, 58 Minn. 182, 59 N. W. 960, based upon a statute almost precisely like ours, and it was there held that the city was not liable.

We think it plain that the city is not liable to the plaintiff in error in this action. In view of the opinion herein expressed, the second assignment of error is immaterial. If the plaintiff in error, as we believe, never had any cause of action against the corporation, the statute of limitations has no application.

The judgment of the court below is affirmed.

JOHNSTON, SMITH, ELLIS, JJ., concurring.