## W. E. BLACK v. BOARD OF COUNTY COMMISSIONERS OF POLK COUNTY and Others.[1]

April 13, 1906.

Nos. 14,720—(140).[2]

**Municipal Corporation—Bond.**

Chapter 354, p. 757, Laws 1895, as amended by chapter 307, p. 566, Laws 1897, and chapter 321, p. 535, Laws 1901, makes it the duty of a municipal, public, or quasi public corporation when it enters into a contract for the making of any public improvement whatever, to take from the contractor a bond for the use of the corporation, and also for the use of all persons who perform work or furnish skill or material in the execution of the contract. *Held*, that the liability imposed by the statute upon the corporation, to persons who furnish labor or material, when it neglects to take the statutory bond, is incurred when the contract is valid and is for the construction of public improvements which are being made by the corporation in the exercise of its public governmental as well as its private corporate powers.

Appeal by plaintiff from an order of the district court for Polk county, Watts, J., sustaining a demurrer to the complaint. Reversed.

*W. E. Rowe,* for appellant.

*James H. Maybury,* for respondent.

ELLIOTT, J.

The appeal is from an order sustaining a demurrer to the complaint. It is alleged that in September, 1903, the board of county commissioners of Polk county established a drainage ditch within the county, pursuant to the provisions of chapter 258, p. 413, Laws 1901, as amended by chapter 38, p. 90, Laws 1902, and that a contract for the construction thereof was made with Anton Anderson and L. Larson, who furnished the bond for the performance of the contract, which, however, did not contain a provision, as required by the statute, securing the payment of the claims for labor and material used in the construction of the ditch; that the contractors constructed the ditch and performed

[1]Reported in 107 N. W. 560.     [2]April, 1906, term.

their contract with the county, but failed to pay for the material used in the work; that the contractors are insolvent; that the claims were properly presented to the defendant for allowance and payment, and were disallowed; that the contractors assigned the balance due them from the county for completing the ditch to the Merchants' State Bank of St. Hilaire; that the contract price for constructing the ditch was $12,410.77, and the balance due and unpaid to the laborers and materialmen is $784.30; that the plaintiff is the assignee of the claims for labor and material; and that by reason of the neglect and failure of the county to see that a proper bond was given, as required by the statute, he has been damaged to the amount of $784.30.

The trial court was of the opinion that the failure of the county to require the bond was the breach of a public or governmental duty, which did not create a cause of action in favor of persons damaged thereby. It seems to us that this overlooks the fact that chapter 321, p. 535, Laws 1901, is of general application, and by its terms applies to all contracts of public or quasi public corporations for the construction of public works.

Chapter 354, p. 757, Laws 1895, provides that before any contract whatever for the doing of any work or labor or furnishing any skill to the state of Minnesota, any county, township, village, school district, city, or other public corporations of the state, for the erection, construction, alteration, or repair of any bridge, public building, or other public structure, work, or improvement, or in the making of any public improvement whatsoever, shall be valid for any purpose, the contractor therefor shall enter into a bond with the state or such county, township, village, school district, city, or other public corporation, for the use of the same, and also for the use of all persons who may perform any work or labor or furnish any skill or material in the execution of such contract, conditioned to pay as they become due all just claims for all work or labor performed, and all skill or material furnished in the execution of such contract. Chapter 307, p. 566, Laws 1897, re-enacts this part of the law of 1895 without material change. This statute imposed a duty upon the corporation, but under the decision in Ihk v. Duluth City, 58 Minn. 182, 59 N. W. 960, it is probable that a failure to perform the duty would not have given rise to a cause

of action against the corporation. To remedy this the legislature passed chapter 321, p. 535, Laws 1901, which re-enacted section 1 of chapter 354, p. 757, Laws 1895, as amended by chapter 307, p. 566, Laws 1897, and added the words:

> And any of said corporations which neglect to require a bond, as herein provided, shall be liable to any person doing any work or labor or furnishing any skill or material under said contracts to the extent of any loss they may incur by reason of said neglect.

The legislature has the power to make a public corporation responsible for damages resulting from its failure to perform a governmental duty, and it is difficult to conceive of language better adapted to express the intention to impose such liability than that just quoted from the act of 1901.

Chapter 354, p. 757, Laws 1895, relates exclusively to the giving of bonds by contractors for public works and improvements. The language is general and comprehensive, and requires the bond to be exacted when "any contract whatever" is made for "making any public improvement whatsoever." Originally the statute imposed the penalty for its nonobservance upon the contractor by invalidating the contract for all purposes. The amendment of 1901 imposes upon the corporation also a penalty by making it liable, if it neglects to require the bond, to any person doing any labor or work or furnishing any material or skill under the contract to the extent of the loss incurred by reason of its neglect. This act was in force when the contract under consideration was made, and if the county neglected to comply with its provisions it is liable to the plaintiff for the damages resulting thereby to him.

Order reversed.