J. A. FORE, RECEIVER PIEDMONT LUMBER COMPANY, v. M. S. FEIM-
   STER ET AL., MEMBERS OF THE BOARD OF COMMISSIONERS OF
   IREDELL COUNTY.

(Filed 17 May, 1916.)

1. **Municipal Corporations—Contractor's Bond—Statutes—Interpretation—In Pari Materia.**

   In an action to enforce individual liability upon the members of the board of county commissioners for failure to take a bond from a contractor for the erection of a county poorhouse required by our statute,

ch. 150, Laws 1913, it is *Held*, that the entire body of the law applicable to this subject is *in pari materia* and should be construed as one statute.

**2. Same—County Commissioners—Individual Liability—Penalties.**

Revisal, sec. 1319, declares every county a body politic and corporate, having certain powers enumerated by the statute and those implied by law, and no others, which can only be exercised by the board of commissioners, or in pursuance of a resolution adopted by them, and construing this section with other relevant sections of the Revisal imposing penalties upon the commissioners for failure to perform such duties, or making them indictable; and with reference to sections expressly making the commissioners individually liable when knowingly taking inadequate bonds from sheriffs, tax collectors, etc., it is *Held*, the county commissioners are not individually liable for the failure of their ministerial duty to take the bond required by ch. 150, Laws 1913, from a contractor for the erection of a county home, such not having been expressly declared; and the remedy is by indictment.

**3. Statutes—County Commissioners—Individual Liability—Expressio Unius.**

Where the Legislature has created certain duties to be performed by the county commissioners, and has expressly imposed a personal liability upon their failure to perform some of them, but not as to others, such liability only attaches where it is expressly so declared.

**4. Mechanic's Liens—Municipal Corporations—Contractors' Bonds.**

*Semble*, ch. 150, Laws 1913, requiring municipal corporations to take bond from contractors for county buildings, is for the protection of the counties, and subcontractors and materialmen acquire no rights thereunder.

CIVIL ACTION tried before *Webb, J.,* and a jury, at November Term, 1915, of MECKLENBURG.

There were facts in evidence tending to show that in 1913 defendants, as the board of commissioners of Iredell County, entered into a contract with the Solomon Construction Company that the latter would supply all material, etc., and construct for the county a county home, at the contract price of $23,000, the construction company giving bond in the sum of $8,000 to save the county harmless by reason of nonperformance of the stipulations of the contract; that the home has been built and paid for except a small amount, which has been tendered to plaintiff and refused; that during performance of the work Piedmont Lumber Company furnished to Solomon Construction Company certain material and supplies to be used and which were used in said building, and there is a balance due for same of $622.65; that the construction company is insolvent, and the Piedmont Lumber Company being also insolvent, plaintiff, as receiver of said company, brings the present suit to hold the members of the board of commissioners personally liable for the debt, on the ground that they failed to take a bond to protect materialmen and laborers as required by Laws 1913, chapter 150.

At the close of the testimony, pursuant to motions made in apt time, judgment of nonsuit, and plaintiff, having duly excepted, appealed.

*Stewart & McRae and McNinch & Justice for plaintiff.*
*L. C. Caldwell and H. P. Grier for defendant.*

HOKE, J., after stating the case:  In direct reference to the question presented, the statute makes provision as follows:   "Every county, city, town, or other municipal corporation which shall let a contract for the building, repairing, or altering any building shall require the contractor for such work to execute a bond with one or more solvent sureties, payable to the said county, city, town, or other municipal corporation, and conditioned for the payment of labor done and the materials and supplies furnished for the said work, . . . if the official of said county, town, or other municipal corporation whose duty it shall be to take said bond shall fail to require said bond herein provided to be given, he shall be guilty of a misdemeanor.  Any laborer doing work on said building, and materialman furnishing material therefor and used therein, shall have the right to sue on said bond the principal and sureties thereof, . . . for the recovery of the amount due them respectively."

The conditions of the bond taken being only to save the obligee, that is, the county of Iredell, harmless by reason of default in complying with the stipulations of the contract, as now advised the bond does not seem to extend or apply to the claims of materialmen and laborers for sums due them from the contractor, *Mfg. Co. v. Andrews,* 165 N. C., 285, and the question presented is whether the members of the board of commissioners, as individuals, should be held liable to plaintiff, a materialman, for failure to take the bond in terms as required by the law.   While it is the recognized position here and elsewhere that, "One who holds a public office, administrative in character, and in reference to an act clearly ministerial, may be held individually liable in a civil action to one who has received special injuries in consequence of his failure to perform or negligence in performance of his official duties," *Hipp v. Farrell,* 169 N. C., pp. 551-555, in several authoritative decisions on the subject in other States it has been held that where an act of the Legislature in reference to a corporate body in its terms imposes a corporate duty, the individuals, as such, composing the corporation or charged with the general management and control of its corporate affairs shall not be held to personal liability unless expressly made so by the statute itself or unless they have been charged with or have undertaken some individual or personal duty concerning the matter.   This principle declared in *Bassett v. Fish,* 75 N. Y., 303, has been extended to cases similar to the one before us in *Blanchard v. Burns,* 110 Ark.,

528; *Mounier v. Godbold,* 116 La. Ann., 165; *Hydraulic Co. v. School District,* 79 Mo. App., 665.

In the Arkansas case it is said: "The failure of public officers to comply with the statute directing the taking of a bond from a contractor for public work conditioned on paying all indebtedness for labor and material, upon which bond any person, etc., may sue, does not render them individually liable."

In the Missouri case, *supra, Bland, P. J.,* delivering the opinion, said: "It is to those corporations, and not to the living persons through whom they manifest their will and power, that the Legislature has spoken, and when the contract for the erection of the school building was let by the school district of Kirkwood, it became its duty to require the contractor to give the bond; the duty was a corporate one, and the failure to perform this duty was the negligence of the corporation and not of the individuals who compose the board of directors of the district. In the letting of the contract and in their failure to take the bond of the contractors, the directors did not act as individuals engaged in the enterprise of erecting a building, but as a board of directors through which the school district manifested its will."

Without at present giving our full approval to its application in these last three cases, the position finds support and becomes controlling in this jurisdiction by a proper consideration of the general statute law under which our counties are established and exercise their duties, and the features of this legislation by which a proper performance of these duties are enforced. In chapter 23 of Revisal, sec. 1319, it is declared that "every county is a body politic and corporate and shall have the powers prescribed by statute and those necessarily implied by law, and no others, which powers can only be exercised by the board of commissioners, or in pursuance of a resolution adopted by them." Then follows an elaborate statement of powers conferred, and in this and other chapters and sections of the Revisal appear the penalties imposed for failure to perform those enumerated and general duties. In some cases the members of the board are made indictable; in others penalties are imposed. In certain specified instances, and particularly in cases of taking official bonds of sheriffs and tax collectors, the commissioners are expressly made individually liable as sureties where they knowingly take such a bond that is inadequate or inefficient, Revisal, secs. 313 and 2914; and under penalty of forfeiting his office, their clerk is required to keep a record of the vote on official bonds so that evidence may be available as to how each member of the board has voted on these questions. These boards of commissioners, charged with manifold and important duties in the governance and well ordering of their counties, many of them legislative or *quasi*-judicial in their nature, serving often-

times at great personal sacrifice, should not be held individually responsible unless clearly made so by express enactment or some imperative principle of law, and while the duty in this case is no doubt ministerial, when proper weight is given to the language of the statute itself, imposing the duty on "counties, cities, towns, or other municipal corporations," thus in terms creating a corporate duty, and to the fact that in the body of the law applicable, whenever individual liability has been heretofore desired, express provision has been made for it, we are of opinion that it is the correct interpretation of this legislation that, in its coercive features, the remedy is confined to that given by the statute itself, to wit, by indictment, and that no civil liability on the individual members of the board is intended or permissible.

The entire body of law applicable to this subject, being *in pari materia,* is to be construed as one and the same statute, and the fact ·that the Legislature, having created in terms a corporate duty, has imposed the personal liability in the one case and failed to do so in the other is equivalent to a legislative declaration that, in the latter instance, the liability does not exist. *People v. Hutchison,* 172 Ill., 498; *S. v. Wrightson,* 56 N. J. L., 201, cited in *S. v. Knight,* 169 N. C., 333; Black on Int. Laws, p. 146.  ·

There is no error, and the judgment of nonsuit must be

Affirmed.