# NEW YORK BLOWER CO. v. CARBON COUNTY HIGH SCHOOL et al.

No. 2985.   Decided September 10, 1917.   (167 Pac. 670.)

1. SCHOOLS AND SCHOOL DISTRICTS—CONSTRUCTION OF BUILDING—RE-
   QUIREMENT OF BOND—LIABILITY. Though Laws 1909, c. 68, section 1,
   provides that any person, contracting with the state, or any village
   or school district, for the construction of any public building, or for
   any public work or improvements, or for repairs upon any public
   building or improvement, shall be required, before commencing such
   work, to execute a penal bond for the faithful performance of said
   contract, and that such contractor or contractors shall promptly make
   payment to all persons supplying labor and material in the prosecu-
   tion of the work under such contract, a school district is not liable to
   parties supplying labor and material for failure to require the bond.
   (Page 345.)

2. SCHOOLS AND SCHOOL DISTRICTS—CONSTRUCTION OF BUILDINGS—RE-
   QUIREMENT OF BOND—LIABILITY. Under such statute the boards of
   trustees are not personally liable for failure to require the bond.
   (Page 345.)

Appeal from District Court, Seventh District; *Hon. A. H. Christensen,* Judge.

Action by the New York Blower Company against the Carbon County High School and others.

Judgment dismissing the action.   Plaintiff appeals.

AFFIRMED.

*Skeen Bros.* and *J. A. Howell* for appellant.

*Thurman, Wedgwood & Irvine, L. O. Hoffman, M. P. Braffet* and *F. Ericksen* for respondents.

FRICK, C. J.

The plaintiff, in its complaint, in substance alleged that the Carbon County High School, hereinafter called high school, was a public corporation, and that the individual defendants, hereinafter designated defendants, constituted the board of trustees of said high school; that prior to October 15, 1912, said high school entered into a contract with the

Wright-Osborn Company, hereinafter called contractor, for the construction of a high school building at Price, Carbon County, Utah; that in accordance with the terms of said contract, and pursuant to the laws of this state, said contractor agreed to perform all the labor and furnish all the materials necessary to complete said high school building; that, relying on said contract, the plaintiff sold and delivered to said contractor certain materials, of the value of $767, all of which were used in the construction of said high school building, no part of which has been paid to the plaintiff; that the said high school and said defendants failed to require said contractor to enter into a bond, with good and sufficient sureties, conditioned that the contractor would promptly pay all persons who should perform labor and furnish materials for said high school building as required by the laws of this state. There are other allegations, relating to the filing of a petition in bankruptcy against said contractor, and that it was adjudged a bankrupt before said building was fully completed, and that there were no funds arising out of said contract to pay plaintiff's claim or any part thereof.

The high school and the defendants appeared in the action and filed separate demurrers to the complaint, upon the ground that the same does not state facts sufficient to constitute a cause of action against any of the defendants named in the title of the action. The district court of Carbon County sustained the demurrers, and, the plaintiff electing to stand upon its complaint, judgment was entered dismissing the action. The plaintiff appeals, and now insists that the district court erred in sustaining the demurrers, and each of them.

The only reason plaintiff assigns why the court erred in sustaining said demurrers is that both the high school as a corporation and the individual defendants, constituting said board, are liable to the plaintiff for the materials furnished, because they failed to require the contractor to execute a bond, with sufficient sureties, conditioned that it would promptly pay all persons for labor performed and materials furnished and used in the construction of said high school

building, as provided by chapter 68, section 1, Laws Utah 1909, which so far as material here, reads as follows:

"Any person or persons entering into a formal contract with the state, any state institution, county, city, town, village, or school district, for the construction of any public building, or the prosecution and completion of any public work or improvements, or for repairs upon any public building, public work, or improvement, shall be required before commencing such work to execute a penal bond, with good and sufficient surety or sureties, for the faithful performance of said contract, with the additional obligation that such contractor or contractors shall promptly make payment to all persons supplying labor and material used in the prosecution of the work provided for in such contract; and any person, company, association, or corporation who has furnished labor or material used in the construction or repair of any public building, public work, or improvement, payment for which has not been made, shall have the right to intervene and be made a party to any action instituted by the obligee on the bond of the contractor, and to have their rights and claims adjudicated in such action and judgment rendered thereon subject, however, to the priority of the claim and judgment of the obligee therein."

Plaintiff's counsel insists that both the high school as a corporate entity and the defendants as individuals are liable, for the reason that they have failed to perform a duty imposed by statute, which was to be performed for plaintiff's benefit. Counsel have cited a number of cases in which liability was imposed, either upon the school district or upon the school trustees, for failing to comply with statutes similar to the one quoted above. Indeed, in *Northwest Steel Co.* v. *School District*, 76 Or. 321, 148 Pac. 1134, L. R. A. 1915F, 629, Ann. Cas. 1917B, 1086, the school district was held liable under a statute which in terms was just like ours. After due consideration, however, in the case of *Joseph Nelson Supply Co.* v. *Leary*, 49 Utah, 493, 164 Pac. 1047-1051, we refused to follow or be bound by the decision in the Oregon case, and we there held that under our statute the school

district was not liable to those who have performed labor or furnished materials to the contractor for failing to require it to execute the bond mentioned in the statute. We there set forth our reasons why we refused to hold the school district liable under the provisions of our statute, and it is not necessary to repeat the reasons here. While in that case it was also contended in argument that the individuals constituting the board of trustees were also liable, yet, as was pointed out, the trustees were not made parties to that action, and for that reason we did not pass upon the question of their liability under our statute. That question is, however, now squarely presented.

The liability of school trustees has frequently been before the courts under statutes in some respects similar to ours. In most instances, however, the statute, in explicit terms, imposed the duty either upon the school district or upon the trustees to require the bond, while in our statute, as pointed out in *Joseph Nelson Supply Co.* v. *Leary,* supra, it is not directly imposed on any one except the contractor. In Michigan, where the duty is directly imposed, it has been held by a divided court that the individual trustees were liable for failing to require such a bond. *Owen* v. *Hill,* 67 Mich. 43, 34 N. W. 649; *Plummer* v. *Kennedy,* 72 Mich. 298, 40 N. W. 433. Upon the other hand, the Supreme Courts of Minnesota and of Kansas, under statutes similar to the Michigan statute, arrived at opposite conclusions. *Ihk* v. *Duluth City,* 58 Minn. 182, 59 N. W. 960; *Freeman* v. *City of Chanute,* 63 Kan. 573, 66 Pac. 647. Similar statutes were also before the courts in *Pressed Brick Co.* v. *School District,* 79 Mo. App. 669; *Plumbing Supply Co.* v. *Board of Education,* 32 S. D. 270, 142 N. W. 1131; *Monnier* v. *Godbold,* 116 La. 165, 40 South. 604, 5 L. R. A. (N. S.) 463, 7 Ann. Cas. 768.

In all of the cases last cited, as well as in others that could be cited, the boards of trustees are held not liable to those who had furnished labor or materials, or both, for the construction of public school buildings. Nor upon sound reason and principle can we see why the defendants   1, 2 should be held liable under a statute like ours. To say

the least, the duty is not cast upon either the defendants' or the high school in express terms to exact such a bond. It is quite clear from the statute, however, that it was intended that the contractor should execute such a bond. The statute, however, does not say that either the defendants or the high school shall require the contractor to execute such a bond. It is equally clear that under the statute neither the defendants nor the high school could compel such a bond, but the most that could be done in that regard would have been to refuse to enter into the contract unless or until such a bond was executed. The plaintiff could have refused to sell its materials to the contractor until a bond had been provided, and it was also within its power to demand that the defendants require such a bond from the contractor. If such a demand had been made, and the defendants had then willfully refused to require the contractor to execute such a bond, a different question would be presented.

Ordinarily, at least, where one claims that an officer is by law bound to do a particular thing for his benefit, he is required to make a demand before bringing an action against such officer. Such a demand would clearly be necessary in case the claimant desired to bring a coercive action against the officer. While it may not be necessary in all cases to make a demand upon an officer or upon a board to act before he or it, as the case may be, can be held liable for neglecting or failing to perform a duty imposed by law, yet, where, as in this case, a personal liability is sought to be imposed for failing to do an official act, it should be made to appear that the failure to perform the alleged act was willful or at least grossly negligent. If the Legislature had intended to impose a personal liability upon the defendants for failing to require the contractor to execute the bond mentioned in the statute, it would have been an easy matter to have indicated that intention in apt language. Not having done so, this court, upon whom is cast the ultimate duty of determining the legislative intent, should not import into the statute by construction that which is not fairly implied, where, as here the consequences are not only drastic, but under certain cir-

cumstances might easily spell ruin for some of the individual trustees. Nor, as pointed out in *Joseph Nelson Supply Co.* v. *Leary,* supra, is such a construction necessary under our statute.

Under Comp. Laws 1907, section 1400x, the plaintiff had an adequate remedy by bringing an action against the high school before the money arising out of the contract was paid either to the contractor or on his order. The contractor was powerless to defeat the plaintiff's claim by making an assignment of the contract price to any one. In view of the terms of our statute, and in view of the authorities last above cited, we feel constrained to hold that the individual defendants are not liable. Nor, in view of the decision in *Joseph Nelson Supply Co.* v. *Leary,* supra, is the high school liable. For the reasons stated, therefore, the district court of Carbon County did not err in sustaining the demurrers and in entering judgment dismissing the action.

The judgment is therefore affirmed, with costs to respondents.

McCARTY, CORFMAN, and GIDEON, JJ., concur. THURMAN, J., being disqualified, did not sit in this case.