I. W. Phillips & Company, a Corporation, *Plaintiff in Error*, v. The Board of Public Instruction for the County of Pasco, State of Florida, a Corporation, *Defendant in Error*.

Division A.

Opinion filed June 13, 1929.

Petition for rehearing denied July 5, 1929.

*Morris E. White* and *Shackleford, Ivy, Farrior & Shannon*, for Plaintiff in Error.

2

*Arthur L. Auvil,* for Defendant in Error.

*M. H. Jones* and *Jack F. White,* as *amici curiae.*

TERRELL, C. J.—In August, 1925, the Board of Public Instruction of Pasco County entered into a contract with Spangler Construction Company for the construction of a school building at Zephyrhills, Florida. Incident to such contract the Spangler Construction Company executed a contractor's bond with the Southern Surety Company as security for the faithful performance of the said contract. The said bond was not conditioned to secure those persons or firms furnishing labor, material or supplies for the said school building as required by Section 1 of Chapter 10035, Acts of 1925 (5397, Comp. Gen. Laws of Fla., 1927). Plaintiff in error alleges that it furnished material for said contract in the sum of Three Thousand, Four Hundred, Seventy-two Dollars and fourteen cents ($3,472.14), after which Spangler Construction Company became insolvent and failed to pay for said material. Relying on the provisions of Chapter 10035, Acts of 1925, plaintiff in error brought an action at law against the defendant in error, board of public instruction, laying his damages in the sum of Five Thousand Dollars ($5,000.00). A demurrer to the declaration was sustained and the cause was dismissed. Writ of error was taken to that judgment.

The sole question presented here for our determination is whether or not a Board of Public Instruction in this State can be compelled to respond in damages for its failure or neglect to take a bond conditioned as required by Section 1 of Chapter 10035, Acts of 1925, when letting a contract for the construction of any public building, public works or repairs thereon.

That part of Chapter 10035, Acts of 1925, pertinent to this discussion is as follows:

"That, hereafter, any person, or persons, entering into a formal contract with the State of Florida, any county of said State, or any city in said State, or any political subdivision thereof, or any other public authority, for the construction of any public building, or the prosecution and completion of any public work, or for the repairs upon any public building or public work, shall be required, before commencing such work, to execute the usual penal bond, with good and sufficient sureties, with the additional obligations that such contractor, or contractors, shall promptly make payments to all persons supplying him, or them, labor, material and supplies, *used directly or indirectly by the said contractor, contractors, sub-contractor or sub-contractors,* in the prosecution of the work provided for in said contract."

The question presented here has been litigated in several jurisdictions in this country, and an inspection of these cases discloses that it has been answered in both the affirmative and the negative. The leading cases answering in the affirmative are: Northwest Steel Co. v. School District No. 16 of Umatilla County, 76 Ore. 321, 148 Pac. Rep. 1134, (Ann. Cas. 1917 B 1086 and note; L. R. A. 1915 F. 629 and note; Owen v. Hill, 67 Mich. 43, 34 N. W. Rep. 649; Burton Machinery Co. v. Ruth, 194 M. App. 194, 186 S. W. Rep. 737. See also Fogarty v. Davis, 305 Mo. 288, 264 S. W. Rep. 879). The leading cases answering in the negative are: Ihk v. Duluth City, 58 Minn. 182, 59 N. W. Rep. 960; Freeman v. City of Chanute, 63 Kan. 573, 66 Pac. Rep. 647; Blanchard v. Burns, 110 Ark. 515, 162 S. W. Rep. 63 (49 L. R. A. (N. S.) 1199). See also Bushnell v. Haynes, 56 Okla. 592, 156 Pac. Rep. 343; Fore v. Feimster, 171 N. C. 551, 88 S. E. Rep. 977.

From the foregoing cases, Vol. 24, R. C. L. page 603, deduces the following rule:

"In some jurisdictions there are statutes providing that any person contracting to construct a building for a school district shall be required to give a bond obligating him to pay for the labor and materials furnished for the work and the question has at times arisen as to the liability of the district in case it fails to require the contractor to file such bond, or in case it accepts an insufficient or deficient bond. In many cases it has been held that a materialman who suffers loss in consequence of such neglect may hold the district responsible. That is on the theory that such statutes are enacted for the purpose of protecting laborers and materialmen in cases wherein the lien laws are ineffective. But other cases have denied recovery, some on the ground that the materialman could readily have ascertained whether the statute had been complied with, and so his loss was due to his own fault, while other authorities deny the liability of the district in such case by the same reasoning as in the case of a *tort*."

The leading cases pro and con dealing with the question under consideration are reviewed in Northwest Steel Company v. School District No. 16, Umatilla County, *supra,* where the Oregon Court reached the conclusion that the school district could be held to respond in damages when it failed to require the bond to protect those furnishing labor and material for the construction of a school building in said district. The decision of the Oregon Court was predicated solely on the ground that the statute under consideration was for the protection of laborers and materialmen in cases wherein the lien laws were ineffective.

We do not think the reasoning in the Oregon case controls in this State. In the first place, under Section 9 of Article XII, of our Constitution, every penny available for the use of the Board of Public Instruction in any county must be disbursed "solely for the support and maintenance of public free schools." In the second place the Act under consideration (Ch. 10035, Acts of 1925; Sec. 5397, Compiled General Laws of Florida, 1927,) requires the contractor and not the State or State agency contracted with to make the bond. In other words, while it is the duty of the Board of Public Instruction to approve and accept the required bond, the initiative is on the contractor to furnish it, no duty is imposed on the board of Public Instruction to require a bond, the minutes and the proceedings of the Board of Public Instruction are matters of record subject at all times to the inspection of any citizen, so whether or not the proper bond has been made may be ascertained at any time by any one. If one furnishing labor, material or supplies to any contractor with a Board of Public Instruction fails to examine the record and require that the protection available for him be provided if it has not been done he cannot compel the Board of Public Instruction as such to respond in damages because the bond as required by statute was not given.

The judgment of the Circuit Court of Pasco County is, therefore, affirmed.

Affirmed.

ELLIS and BROWN, J. J., concur.

WHITFIELD, P. J., AND BUFORD, J., concur in the opinion and judgment.