## BLANCHARD *v.* BURNS.

### Opinion delivered December 22, 1913.

SCHOOL DISTRICTS—DIRECTORS—PERSONAL LIABILITY.—The directors of a school district are not individually liable to a person furnishing building material to a contractor who was building a school house, because of their failure to require a bond of the contractor as provided in Act 446, Public Acts 1911, page 463.

Appeal from Washington Circuit Court; *J. S. Maples,* Judge; affirmed.

*H. L. Pearson* and *E. S. McDaniel,* for appellant.

1. Prior to the act of June 2, 1911, material men and laborers had no lien upon public property, or property in trust, etc. 17 Ark. 483; 49 *Id.* 94; 56 *Id.* 476.

2. Public officers, county boards, supervisors, commissioners, etc., and other governing bodies are liable for ministerial acts causing injury. Act June 2, 1911; 49 S. W. 705; 20 Tex. Civ. App. 178; Cooley on Torts, 379; 95 Am. St. (note) 74; 52 Ark. 541; 35 Cyc. 908; 18 Wis. 627; 110 Tenn. 67.

*R. J. Wilson,* for appellees.

1. The purpose of the act is to protect persons who supply labor and material for which no lien could be im-

posed before its passage. 17 Ark. 483; 49 *Id.* 94; 56 *Id.* 476.

2. The directors are not liable as individuals. 5 L. R. A. 463; 75 N. Y. 303; 79 Mo. App. 665; 40 So. 604; 40 Ark. 431; 3 *Id.* 285; 5 *Id.* 536; 11 *Id.* 44; 13 *Id.* 58; 22 *Id.* 369; Kirby's Dig., § § 7541, 7689, 7684, 7611, 7691, 5 L. R. A. (N. S.) 463.

McCULLOCH, C. J. Appellees were directors of a special school district in Washington County, Arkansas, and in the name of said district constructed a school building, the contract being let to a contractor engaged in that kind of work.

Appellant was engaged in the lumber business, and sold building material to the contractor which was used in the construction of the school building. The contractor failed to pay, and appellant instituted this action against appellees to recover the amount of the bill, predicating liability on the ground that appellees had failed, as required by statute, to exact from the contractor a bond "to pay all indebtedness for labor and material furnished in the construction."

The court sustained a demurrer to the complaint, and final judgment was rendered against appellant, from which judgment he has prosecuted this appeal.

The action is founded on alleged violation by appellees of the following statute:

"Section 2. Whenever any public officer shall, under the laws of this State, enter into a contract in any sum exceeding one hundred dollars, with any person or persons, for the purpose of making any public improvements, or constructing any public building, or making any repairs on the same, such officer shall take from the party contracted with a bond with good and sufficient sureties to the State of Arkansas, in a sum not less than double the sum total of the contract whose qualifications shall be verified, and such sureties shall be approved by the clerk of the circuit court in the county in which the property is situated, conditioned that such contractor or contractors shall pay all indebtedness for labor and mate-

rial furnished in the construction of said public building, or in making said public improvements." Act of June 2, 1911, Public Acts of 1911, page 463.

The next section provides that said bond shall be filed in the office of the clerk of the circuit court and that "any person to whom there is due any sum for labor or material furnished, or his assigns, may bring an action on said bond for the recovery of said indebtedness."

According to the allegations of the complaint, which must be taken as true for the purpose of testing the sufficiency of the demurrer, appellees, as school directors, failed to take bond from the contractor, and appellant has been unable to collect his debt.

Does the statute impose any liability on appellees, as individuals, which will warrant a recovery in favor of appellant for the amount of his bill for materials furnished?

It will be observed that the statutes does not, in terms, impose any liability, either on the school district or the officers. If any liability exists at all, it must be by virtue of a breach of duty by the directors as individuals. The language of the statute, in referring to the officers, does so in an official, and not in an individual, capacity. It is not intended to impose any duty as individuals, but as officials representing the public. In other words, so far as it applies to improvements made for a school district, it means the district itself, and the duty is only imposed on the officers as the representatives of the district, collectively in their representative capacity, and not as individuals.

There is a statute in Missouri similar in terms to our statute, except that, instead of saying that all public officers shall take a bond, it says that "all counties, cities, towns and school districts, making contracts," etc., shall require every contractor to execute a bond. A question similar to this arose in that State, and the Court of Appeals, in disposing of it, said:

"In letting the contract and in their failure to take the bond of the contractors, the directors did not act as

individuals engaged in the enterprise of erecting a building, but as a board of directors through which the school district manifested its will.'' In that case individual liability of the directors was denied. *Hydraulic Press Brick Co.* v. *School District of Kirkwood,* 79 Mo. App. 665.

The New York Court of Appeals, in the case of *Bassett* v. *Fish,* 75 N. Y. 303, in which a school teacher sued for injuries resulting from a hole caused by neglect in keeping the premises in repair, held that there was no individual liability on the part of the directors, and, in disposing of the case, the court said:

''For a neglect to perform a duty imposed upon such a corporation the members of the board are not individually liable; the neglect is that of the corporate body, not of the individuals composing it, and the liability rests upon it.''

In the case of *Monnier* v. *Godbold,* 116 La. 165, 5 L. R. A. (N. S.) 463, the following principle is stated by the Supreme Court of Louisiana, which is controlling in the disposition of this case:

''It is not seen how a member of a corporate body, upon which body a duty rests, can be held individually liable for the neglect of its duty by that body. There is no duty upon him to act individually. His duty is as a corporator, and it is his duty to act in the way prescribed for its action and by the use of its powers and means. And, if there is neglect to exert its powers or all of its means, it is the neglect of the body, and not of the individuals composing it.''

It does not alter the application of the principle that the statute refers to the duty of the officers, and not the corporation itself, for, as we have seen, the application of the statute is to the officers collectively in their representative capacity, and not as individuals.

There is another sufficient reason why appellees as directors could not be held liable, and that is that the statute itself imposes no liability, either upon the school district or upon the officers, and the indebtedness was in-

curred after the failure of the contractor to give bond. The statute provides that the bond be placed of record so that all persons dealing with the contractor may know whether or not the bond has been executed. Appellant was chargeable with notice whether the bond had been given, and he had no right to voluntarily impose liability, either upon the district or the directors, when he knew, or could have known, that no bond had been given.

It is clear, therefore, that appellees were not liable for appellant's claim against the contractor, and the court properly sustained the demurrer to the complaint.

Judgment affirmed.