ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.* ZERR.

Opinion delivered December 22, 1913.

RAILROADS—INJURY TO PERSON ON TRACK—NEGLIGENCE—BURDEN OF PROOF.— Where plaintiff was injured by being struck by a moving train while attempting to cross defendant's track, and the evidence showed that defendant's fireman saw plaintiff come on the track and that he attempted to attract plaintiff's attention and warn him of the danger, it is reversible error to charge the jury that the burden is upon defendant to show it was not guilty of any negligence, simply because the injury was done by the operation of a train.

Appeal from Clark Circuit Court; *Jacob M. Carter,* Judge; reversed.

*E. B. Kinsworthy, H. S. Powell* and *T. D. Crawford,* for appellant.

Instruction numbered 1 given by the court has been condemned by this court in the Gibson case, 107 Ark. 431.

It is erroneous in placing upon the defendant the burden of disproving negligence upon proof merely that plaintiff was injured by a train. Under the amended lookout statute it must appear that a *prima facie* case of negligence is established before the burden is shifted to the defendant.

*McMillan & McMillan,* for appellee.

McCulloch, C. J. Plaintiff, J. C. Zerr, sued the railway company and recovered damages for personal injuries received by being struck by an engine while he was walking up the track. The injury occurred at Arkadelphia, Arkansas, in the daytime and in the presence of a number of witnesses, who testified in the case.

The track runs north and south there, and plaintiff was attempting to cross from the west side to the east. Two trains met there, and the southbound train was on the main track, the engine standing across a street crossing south of the depot. The other train, the one which struck plaintiff, was northbound, and as it came into the station it took a sidetrack east of the main track for the purpose of letting southbound train pass. Plaintiff went around the front end of the southbound train— about twenty-five feet, he claims—and then turned north and stepped upon the sidetrack and walked about 150 feet northward in the direction of a pavement which ran east from the track to the office of a mill to which he was going. He did not see the northbound train and was not aware of its approach until it struck him. Other witnesses corroborated the statement of plaintiff and established the fact that he was on the sidetrack a sufficient distance in front of the train to be seen in time to avoid the injury if the engineer or fireman had been keeping a lookout, and took proper steps to prevent the injury after discovering his presence on the track.

Negligence of the company is alleged both in failing to keep a lookout and in failing to exercise proper care to prevent the injury after discovering plaintiff's presence on the track.

The fireman and engineer both testified that they were keeping a lookout. The engineer claimed that he never saw the plaintiff and could not see him because he came on the track on the opposite side from him (the engineer), too close for him to see over the boiler. The fireman testified that he was keeping a lookout and saw plaintiff come around the front of the southbound engine

and, after taking a few steps northward between the two tracks, stepped on the sidetrack in front of the north-bound engine and took a step or two before he was struck. He testified further that as soon as he saw plaintiff was about to step on the track, he hallooed loudly to him and to the engineer for the purpose of warning him and also to attract the attention of the engineer so that the engineer would apply the emergency brake and stop the engine. He testified also that he was ringing the bell at the time.

The testimony of both the engineer and the fireman tended to show that the engine was running about six miles an hour at the time and could not have been stopped short of sixty feet by using the emergency brake.

The testimony adduced by defendant was sufficient to clear itself of the charge of negligence as it tended to show that the proper lookout was being kept and that the engineer and fireman did all that they could to prevent the injury after discovering plaintiff's perilous position.

The court gave the following among other instructions, over the objection of defendant:

"You are instructed that whenever it is shown by the plaintiff that plaintiff was injured by the operation of the train, the law presumes that the injury was negligent, and the plaintiff is entitled to recover without showing anything further, and the burden is on the defendant to show that it was not guilty of any negligence, causing plaintiff's injury."

This instruction is a copy of one condemned by this court in the case of *St. Louis, I. M. & S. Ry. Co.* v. *Gibson,* 107 Ark. 431, 155 S. W. 510. It is equally erroneous in the present case and calls for reversal of the judgment.

It is insisted that the Gibson case is not controlling because the facts of that case were different from the facts here.

The only difference we can see is that the plaintiff has made out a stronger case here than the plaintiff did

in the Gibson case, but it is only a question of degree, because there was a conflict in the testimony in this case which made an issue for determination of the jury the same as in the Gibson case.

We held in the Gibson case that "upon proof of injury to such person by the operation of its trains under such circumstances as to raise a reasonable inference that the danger might have been discovered and the injury avoided if a lookout had been kept, a *prima facie* case is made, and the burden of proof then devolves upon the railway company to show that a proper lookout was kept as required by the statute and that it used ordinary care to prevent the injury to the person after his discovery in a perilous position in order to escape liability for such injury;" but that it was erroneous, in case of a trespasser or one guilty of contributory negligence, to declare to the jury that a presumption of negligence arose merely from proof of injury by the operation of the train.

The testimony in this case was conflicting both on the question of lookout and on the question of the exercise of proper care to prevent the injury of plaintiff after he was discovered to be in a perilous position. If the undisputed testimony presented a case where the plaintiff got on the track and in a position of peril in time for the injury to have been avoided by the exercise of ordinary care, then this instruction would have been harmless; but there is a positive conflict in the testimony on that point. Plaintiff's testimony tends to show that he went on the track a considerable distance ahead of the engine and was walking northward unconscious of his danger; but the fireman testified that the plaintiff only took "one or two steps" after he came on the track and that as he saw plaintiff about to approach the track he attempted to attract plaintiff's attention by a loud outcry and by ringing the bell to warn him. In this state of the testimony it was improper to put the burden upon the railway company, merely by showing that the injury

occurred in the operation of the train, of clearing itself of the charge of negligence.

It is unnecessary to discuss other assignments of error, for this instruction was fatally defective and calls for reversal of the case. The judgment is therefore reversed and the cause remanded for a new trial.