PAXTON & VIERLING IRON WORKS, APPELLANT, v. VILLAGE OF NAPONEE ET AL., APPELLEES.

FILED FEBRUARY 16, 1922. No. 21876.

1. Quære. Whether the members of a village board of trustees, who, when awarding a contract for the construction of a bridge, fail and neglect to take from the contractor a bond obligating him to pay for the material used in its construction, are person-ally liable to the materialman for damages if the contractor fails to pay for the material, *quaere*.

2. Municipal Corporations: CONTRACTS: FAILURE TO PROCURE BOND: LIABILITY. When members of a village board of trustees, in awarding a contract for the construction of a bridge, fail and

neglect to take from the contractor a bond obligating him to pay for the material used in its construction, as provided by section 3840, Rev. St. 1913, no cause of action for damages arises in favor of the materialman if he furnished the material with knowledge that no bond had been taken, nor if he furnished the material not relying upon the belief that such bond had been taken, nor unless it affirmatively appears that the contractor has failed to pay for the material.

3. Petition examined, *held* not to state a cause of action.

APPEAL from the district court for Franklin county: WILLIAM A. DILWORTH, JUDGE. *Affirmed.*

*George Losey* and *Gerald M. Drew,* for appellant.

*Bernard McNeny, contra.*

Heard before LETTON, DEAN and FLANSBURG, JJ., DAY and GOOD, District Judges.

GOOD, District Judge.

Plaintiff brought this action against the village of Naponee and four individuals, who were, in 1916, trustees of said village, to recover damages for failure and neglect of the village board to exact a bond from one Ward, to whom it had awarded a contract for the construction of a foot-bridge in said village. To the petition a general demurrer was interposed and sustained. Plaintiff refused to further plead and judgment of dismissal was entered. Plaintiff appealed.

We are required to determine whether the petition states a cause of action. After the usual formal allegations as to the corporate character of plaintiff and defendant village, and official character of the other defendants, there are allegations which may be summarized as follows: September 1, 1916, defendants entered into a contract with Harvey T. Ward for the construction of a foot-bridge in and for the village of Naponee; that the contract required Ward to furnish and pay for all material necessary for the construction of the bridge; that it was the duty of defendants to exact from said

Ward a bond obligating him to pay for the material; that defendants failed and neglected to exact such bond; that plaintiff furnished to said Ward steel used in the construction of the bridge of the reasonable value of $423.98; that in June, 1920, in the county court of Douglas county, a judgment was entered against Ward for $535.25; that said judgment was transcribed to the district court for Franklin county, execution issued thereon and returned unsatisfied; that said judgment is unpaid and uncollectible; that, "By reason of the matters and things hereinbefore stated, and of the failure and neglect of the said defendants to take and require of said Harvey T. Ward (trading as the Lincoln Construction Company) a bond with good and sufficient sureties thereon, guaranteeing the faithful performance of said contract and the payment of all labor and material bills incurred in connection therewith, the said defendants, and each of them, are indebted to this plaintiff in the sum of $543.80, with interest thereon at the rate of 7 per cent. per annum from the 14th day of June, A.D. 1920." This is followed by prayer for judgment.

Section 3840, Rev. St. 1913, imposes on a village board the duty, before entering into a contract for the construction of a bridge, to take from the contractor a bond, with sureties in a sum not less than the contract price, conditioned for the payment of material which is actually used in performing the contract. Such bond shall be filed with, approved and kept by, the board, and may be sued on by any person entitled to the benefit of its protection.

Plaintiff insists that the failure of the village board to take the bond required by said section 3840 renders the village and members of the village board, as individuals, liable to the plaintiff in this action. Whether the failure of the village board to perform the duty imposed by the statute renders them personally liable in an action by a materialman is very doubtful, and is a question on which the authorities are in hopeless conflict.

The supreme court of Michigan holds that they are liable. *Owen v. Hill*, 67 Mich. 43; *Plummer v. Kennedy*, 72 Mich. 295; *Wells v. Board of Education*, 78 Mich. 260; *Staffon v. Lyon*, 104 Mich. 249; *Smith v. Hubbell*, 142 Mich. 637. The contrary rule has been established in the courts of Arkansas and South Dakota. *Blanchard v. Burns*, 110 Ark. 515, 49 L. R. A. n. s. 1199; *Plumbing Supply Co. v. Board of Education*, 32 S. Dak. 270.

In a number of states there are statutes similar to the one in this state, but with other provisions that impose a statutory liability upon officers or the municipality for a failure to perform the duty. In this state there is no personal liability imposed by the statute, and, if there be any, it arises from the application of the principles of the common law. It may well be doubted, where the statute imposes no liability, and the officers serve without compensation, and are not required to give official bonds, and where their duties are generally of a public nature, whether they are personally liable for a neglect of official duty. However, we find it unnecessary to determine that question in this case. If any liability did exist, either on the part of the village or of the persons who were trustees, it could arise only where the materialman had furnished material for the construction of the bridge, relying upon a bond for his protection, and where he had suffered damage by failure of the contractor to pay for the material furnished. The statute required the bond to be filed, and plaintiff knew, or by exercise of ordinary diligence could have known, that no bond had been taken and filed. Plaintiff was chargeable with notice that no bond had been taken, and had no right to impose liability on the village or the members of the village board. When it knew, or could by the exercise of ordinary care have known, that no bond was given, and voluntarily furnished the material, it will be presumed that it furnished the material solely upon the credit of the contractor. *Blanchard v. Burns, supra.* Plaintiff could not be damaged unless there was a failure

of the contractor to pay for the material. There is no allegation or its equivalent in the petition that the material has not been paid for. The averments regarding the entry of judgment against Ward fail to disclose in whose favor such judgment was entered. It is not disclosed who was plaintiff in that action. We might surmise that it was the plaintiff in this action, but surmise is not sufficient. Because there is no averment in the petition of nonpayment of the material, and because it is not alleged that plaintiff furnished the material relying upon the belief that a bond had been given and had no knowledge that no bond had been given, we hold that the petition failed to state a cause of action, and that the demurrer was properly sustained.

The judgment of the district court is

AFFIRMED.