## LOWRY v. CARBON COUNTY et al.

No. 4191.   Decided December 27, 1924.   (232 Pac. 908.)

1. HIGHWAYS—NOT LIABLE FOR A WRONGFUL DEATH CAUSED BY NEGLIGENCE OF OFFICERS OR AGENTS IN CONSTRUCTION OF HIGHWAY. A county is not liable for wrongful death caused by negligence of officers or agents in construction of highways.

2. HIGHWAYS—COUNTY COMMISSIONERS NOT LIABLE FOR NEGLIGENT PERFORMANCE OF OFFICIAL DUTIES. To the extent that county commissioners are invested with discretion and judgment regarding highway construction, they are not liable for negligence in absence of willful, malicious, or corrupt wrongful doing.

3. HIGHWAYS—COUNTY COMMISSIONERS PERSONALLY LIABLE FOR NEGLIGENCE, WHERE ACTIVELY PARTICIPATING IN ROAD WORK. County commissioners are personally liable for damages, where they actively and personally participate in the construction and grading of a highway, and through their negligent acts another is injured.

4. HIGHWAYS—COMPLAINT FOR WRONGFUL DEATH HELD TO STATE CAUSE OF ACTION AGAINST COUNTY COMMISSIONERS INDIVIDUALLY. Complaint in action for wrongful death against county commissioners, alleging that defendants were actually engaged in constructing and grading road and negligently caused explosion which resulted in decedent's death, held to state cause of action against defendant commissioners,

5. HIGHWAYS—COUNTY COMMISSIONERS NOT INDIVIDUALLY LIABLE FOR NEGLIGENCE OF ROAD EMPLOYES. County commissioners are not liable for the negligence of employés in constructing or grading roads; the rule of respondeat superior not applying.

Appeal from District Court, Seventh District, Carbon County; *Thos. H. Burton,* Judge.

Action by Mattie Lowry against Carbon County and others. From a judgment of dismissal, plaintiff appeals.

AFFIRMED as to the defendant named, and in other respects REVERSED and remanded, with directions.

*Willard Hanson, A. H. Hougaard,* and *H. S. Tanner,* all of Salt Lake City, for appellant.

*Henry Ruggeri,* of Price, for respondents.

McCREA, District Judge.

This appeal is from a judgment of dismissal, resulting from an order sustaining defendants' demurrer to the plaintiff's complaint. The complaint first alleges in substance that the defendant Carbon county was and is a municipal corporation of the state of Utah, and that the defendants A. E. Gibson, William Edman, and Eugene Santschi were, at all times mentioned in the complaint, the duly elected, qualified, and acting county commissioners of said Carbon county. Paragraphs 3 and 4 of the complaint are in the following language:

"(3) That on and prior to the 13th day of April, 1922, the said defendants A. E. Gibson, William Edman, and Eugene Santschi, as county commissioners of said county, employed the said E. C. Lee and John Steele to assist in constructing, grading and leveling a certain road in said county where said road passed through the town of Helper in said county aforesaid, and that all of said defendants undertook to construct, grade, and level the said road aforesaid, and were actually engaged as hereinafter set forth in constructing and grading of said road, and especially where the said road passes through the said town of Helper in said county, and at a point approximately 500 feet from what is known and

called the 'Brown Music Store' in said town of Helper aforesaid, and plaintiff alleges that in said store at said time was Luzon Lowry, who was then and there of the age of 20 years, and a son of this plaintiff, and who had then and there a good right to be in said store aforesaid.

"(4) Plaintiff further alleges that, while the said son, Luzon Lowry, was in said store aforesaid, the said defendants, and all of them, carelessly and negligently and at said point approximately 500 feet from said store aforesaid, exploded a great quantity of 'Trinitrotoluol,' commonly called 'T. N. T.' to wit, about 2,000 pounds thereof, whereby large quantities of earth, rock, earth material, and boulders were hurled upon and against and through said store building, in which place the said son was present as aforesaid, and he, the said son, was struck by one of the said boulders and so severely injured that he languished a short time and, so languishing, on or about the 17th day of April, A. D. 1922, died."

The complaint then alleges that a claim was presented to Carbon county within 30 days of such injury, that said claim was rejected, and the balance of the complaint has to do with allegations relevant to the damages claimed to have been sustained.

To this complaint all of the defendants, with the exception of John Steele, demurred, both generally and specially. The grounds of special demurrer are not material at this time, and were not passed upon by the trial court, but the general demurrer was sustained as to all of the defendants joining in the demurrer, "on the ground that the complaint does not state facts sufficient to constitute a cause of action against said defendants or either of them."

Three propositions are presented for our consideration:

First does the complaint state facts sufficient to constitute a cause of action against Carbon county? We are clearly of the opinion that it does not, and that as to the defendant Carbon county the trial court properly sustained the general demurrer. The law relating to the liability of counties, under circumstances present in this case, is so clearly stated in 7 R. C. L. at pages 954 and 957, that no further citation of authority is either advisable or necessary at this time:

"While a municipal corporation is liable to an individual in certain cases for a failure to discharge its corporate duties upon

the ground that its powers have been granted at the special solicitation, and for the benefit of its citizens, and not so much to aid in the administration of the state government as for the local advantage and convenience, still the law is well settled that counties being organized for public purposes, and charged with the performance of duties as an arm or branch of the state government, are never to be held liable in a private action for neglect to perform a corporate duty, or for acts done while engaged in the performance of such duties, or because they are not performed in a manner most conducive to the safety of its employees or the public, unless such liability is expressly fixed by statute. The rule is dictated by public policy, and the fact that counties are declared by statute to be municipal corporations does not change it in the absence of anything in the statute imposing any additional liability. The principal ground upon which it is held that counties are not liable for damages in actions for their neglect of public duty is that they are voluntary political divisions of the state, created for governmental purposes, and are organized without regard to the consent or dissent of the inhabitants. The theory upon which municipal corporations proper are held liable in such cases is that they are voluntary associations, created and organized at the solicitation of, and with the free consent of, the inhabitants, under the laws of the state, and that the benefits accruing to the people by such incorporation compensate them for the liability. Another reason is that, since a county is but a political subdivision of the state, a suit against the county is, in effect, a suit against the state, and that therefore an action will not lie without the consent of the Legislature. But some courts allow a recovery where a constitutional right is invaded, as where it can be construed to be a taking of private property without compensation, or where the Constitution provides compensation for property damaged. * * *

"It is a general and well-established rule that counties are not liable at common law for injuries resulting from the negligence of their officers or agents. And when the law itself imposes a duty upon the board of county commissioners as such, and they are not appointed thereto by the county, the county will not be responsible for their breach of duty or for their nonfeasance or misfeasance in relation to such duty."

The second question presented has to do with the liability of the defendants Gibson, Edman, and Santschi who, it is charged, were county commissioners at the time of the alleged negligent conduct on their part. To the extent that county commissioners act in their official capacity as members of a board, and to the extent that their actions involve duties imposed upon them by law, it may be conceded that

they are not personally liable for negligence. This rule also is clearly enunciated in 22 R. C. L. at page 487, as follows:

"The question of the liability of a public officer for the wrongful act of a corporate body of which he is a member has not often been presented to the courts for adjudication. The rule, however, appears to be established that a public officer, who is a member of a corporate body upon which a duty rests, cannot be held liable for the neglect of duty of that body. If there be refusal to exercise the power of such body, it is the refusal of the body, and not of the individuals composing it. The official action of its different members is merged into the official action of the board itself as an entity."

To the extent that the defendant county commissioners were invested with discretion and empowered to exercise their judgment regarding the construction and grading of the highway, the plans and specifications for the work and the employment of suitable person to carry out such work they are clearly not liable, in the absence of any willful, malicious, or corrupt wrongdoing.

The complaint in this case, however, charges no such official misconduct. What it apparently does charge is the actual personal participation by the defendants county commissioners in the doing of a negligent thing. It does not, as the lower court seems to have concluded, charge negligence in the performance of or in the failure to perform properly or at all some official function devolving upon them as county commissioners, and the cases relied upon by the lower court and by respondents' counsel in this court are not controlling in the situation presented by the pleadings in this case. Those cases have to do with the failure of a public officer to perform some public duty as, for instance, the failure to properly construct, maintain, or safeguard a highway, bridge, or culvert. Among these cases are *Richardson* v. *Belknap,* 73 Colo. 52, 213 P. 335, which involved the alleged failure of the county commissioners to keep a bridge in proper repair, the case of *Worden* v. *Witt,* 4 Idaho, 404, 39 P. 1114, 95 Am. St. Rep. 70, also having to do with a defective bridge; *Youmans* v. *Thornton,* 31 Idaho, 10, 168 P. 1141, holding county commissioners and road overseers not personally liable for injuries sustained by reason of defective highways or bridges.

For a failure to keep roads in a safe condition, the adoption of unsafe plans for the construction of a road or bridge, for errors of judgment in the selection of materials, structures, routes, or grades of a highway, it may be conceded county commissioners are not personally liable for damages. The complaint in this case, however, is not controlled by the principles applicable to such acts of nonfeasance or misfeasance. Here there is charged an active personal participation in the doing of a lawful thing in a negligent manner. The case of *Moynihan* v. *Todd*, 188 Mass. 301, 74 N. E. 367, 108 Am. St. Rep. 473, in our judgment, announces the correct principle applicable to the case here presented upon the pleadings. Briefly, the facts recited in the opinion are as follows:

"The defendant was the superintendent of streets for the town of Rowley, and at the time of the accident he was repairing a street, with others working under his direction, and subject to his control. He directed that a boulder be removed by blasting, and just before the explosion he went away a short distance from it, to be beyond the reach of the broken rock that might be thrown out by the blast. The evidence would have warranted a finding that, if there was negligence in blasting the rock, he was legally responsible for the consequences of it, unless he was relieved from liability by the fact that he was acting as a public officer."

The court then proceeds to announce the rule generally applicable to public officers as follows:

"Following this rule, it always has been held in the American courts that an agency of government or a public officer, while performing a duty imposed solely for the benefit of the public, is not liable for a mere failure to do that which is required by the statute. Negligence that is nothing more than an omission or nonfeasance creates no liability."

After citing numerous authorities in support of this doctrine, the Massachusetts court proceeds as follows:

"We are of opinion that the principle which underlies the rule that public officers and other agencies of government are not liable for negligence in the performance of public duties goes no further than to relieve them from liability for nonfeasance, and for the misfeasances of their servants or agents. For a personal act of misfeasance, we are of opinion that a party should be held liable to one injured by it, as well when in the performance of a public"

duty as when otherwise engaged. * * * But for acts of mis-feasance of a servant or agent in such cases, there is no liability. This is because the rule respondeat superior does not apply. * * * The result is that, if the jury in the present case find that the defendant was personally negligent in causing the rock to be blasted without taking proper precaution for the safety of persons rightfully in the vicinity, a verdict should be rendered against him; but if there was no negligence in blasting the rock, or if the only negligence was that of the defendant's servants or agents, he is not liable."

Having approved of the doctrine announced by the Massachusetts court in the last-mentioned case, it necessarily follows that the lower court was in error in sustaining the demurrer as to the defendants county commissioners, in view of the allegations of the complaint that said defendants and each of them, were "actually engaged" in the performance of the work complained of, and that the defendants, and all of them, "carelessly and negligently" participated in the act complained of.

It is to be understood of course, that the defendant county commissioners are not to be held liable for the negligence of their employés, the defendants Lee and Steele. As stated in the Massachusetts case, as to them "the rule respondent superior does not apply." It is only the allegation in the complaint of their personal participation in the wrong complained of that causes us to hold that the demurrer, as to them should have been overruled.

There is left only the question as to whether or not the complaint states a cause of action against the defendants Lee and Steele. It is sufficient to say that as to them, if no other defendants were included, the complaint would and does state a sufficient cause of action.

Accordingly, the judgment of the lower court is affirmed to the extent that the demurrer was sustained as to the defendant Carbon county, and in other respects the judgment of the lower court is reversed, with directions to enter an order overruling the demurrers of the other defendants, and requiring them to answer. Appellant to recover her costs upon this appeal from the defendants other than Carbon county.

WEBER, C. J., and GIDEON, FRICK and CHERRY, JJ., concur.

THURMAN, J., did not participate herein.