RAY, TRUSTEE, *v.* BOARD OF TRUSTEES OF TRENTON TOWNSHIP, DELAWARE COUNTY.

(Decided April 4, 1934.)

*Mr. E. J. Schanfarber* and *Mr. Robert L. Mellman,* for plaintiff in error.

*Messrs. Wickham & Wickham,* for defendants in error.

SHERICK, P. J.   This is an action to recover damages against the township trustees of Trenton township for their negligence in the discharge of an official duty, in that the trustees failed to procure a surety bond from the contractor to secure the payment to the plaintiff in error, F. A. Ray, trustee, for materials furnished and used by the contractor in the construction of a township road.

The cause was tried to a jury, and at the conclusion of all the evidence a verdict was directed against the plaintiff, and from the judgment entered thereon the plaintiff prosecutes error.

It appears from the pleadings and proof that the plaintiff operated a stone quarry, and that he furnished stone to the contractor for the construction of the road to the value of $633.12, which is the sum claimed as damages; and that the last stone was furnished him on July 1, 1931, and that five days thereafter the township board paid the contractor all moneys due him under the contract, which totaled $1,162.58, without notifying the plaintiff or ascertaining of him whether the material had been paid for. It is further shown that the contractor failed to pay the plaintiff, that the contractor is now insolvent, and that judgment has been entered against the contractor, on which execution has issued and has been returned unsatisfied.

The plaintiff recognizes that a public body acting in its official capacity is not liable for its negligent acts unless such liability is prescribed by statute. It is maintained that Sections 2365-1 and 2365-2, General Code, enjoin an official duty upon the board to require a bond, and that Section 3298-17, General Code, makes the board liable in its official capacity for its dereliction in respect to that duty.

To this claim the defendant trustees make answer. The first defense is a general denial. The second, third, fourth and fifth defenses need not be considered or commented upon as such are of little or no value in a determination of the question presented. Before the final submission of this cause, leave was granted the defendant trustees to file a supplemental answer, which is in fact an amendment to the answer, wherein certain matters are pleaded, such as the fact that the contract for the construction of the road in question was made without the publication of notices, that bids

were not received, that the job was given to the contractor to furnish and roll down the stone at $1.65 per ton, and that the total sum paid the contractor was $1,162.58. We see no error in permitting this amendment to be filed. It was in the interest of justice and is not denied by reply. In fact these allegations are conceded to be true. They are such facts as conclusively establish the certainty that this contract was not entered into in accordance with the provisions of the law respecting the letting and award of public contracts.

We are unable to accede to the plaintiff's view that Section 3298-17, General Code, is broad enough in its scope and intent to cover the requirements provided in Sections 2365-1 and 2365-2, General Code. Section 3298-17, General Code, is a part of an act passed in 1915 (106 Ohio Laws, 574, 647), "to provide a system of highway laws for the state of Ohio", and appears therein under the sub-head "Road construction and improvement by township trustees." Sections 2365-1 and 2365-2, General Code, were enacted in 1917, 107 Ohio Laws, 642, to supplement previously existing statutes appearing under the title of "Building Regulations", Title IX, Public Buildings. It was without doubt the legislative intent to make the board of trustees officially liable in damages for its negligence or carelessness in the discharge of its official duties prescribed in the act of which it is a part, but it can hardly be insisted that the legislative intent may be enlarged to cover duties not then in existence, and thereafter created, which in the main pertain to unrelated subjects. Statutes which grant the privilege of suing the state or its political subdivisions are in derogation of the common law and are therefore to be strictly construed, and are not to be enlarged unless that purpose and intent is plainly and unequivocally indicated by subsequent legislation.

From the position of Section 3298-17, General Code, in the act (106 Ohio Laws, 647), it is evident that it has a companion section, that is Section 3298-16, General Code, with which it should and must be read for the purpose of appreciating the legislative intent. The related section provides that township trustees may bring and maintain all suits at law or equity involving injury to any road, ditch, drain or water course under their jurisdiction. It naturally followed that the legislature in the next section should repose certain responsibilities in township trustees. This it proceeded to do in accordance with its chosen system of highway laws. It went further, for it provided in Section 3298-15h, General Code, that a contractor should give a certain kind of bond differently conditioned. It is not the taking of this kind of a bond contemplated by the act of which the plaintiff in error complains, but the taking of an altogether different kind of bond mentioned in Sections 2365-1 and 2365-2, General Code.

The act and judgment of the trial court were right for a further good and sufficient reason. The averments of the sixth defense set forth in the amendment to the answer, considered with the mandate of the statutes as to how public contracts shall be let, plainly indicate that the township trustees did not award this contract according to law. The contract was therefor void.

In *Buchanan Bridge Co. v. Campbell et al., Commrs.,* 60 Ohio St., 406, 54 N. E., 372, the court considered the right of one who contracted with a board of county commissioners to recover upon a void contract for a bridge furnished. The rule therein stated is equally applicable to a void contract entered into by township trustees. It was there said:

"The statutes are notice to the world as to the extent of the powers of the commissioners, and the bridge company is bound by that notice. It knew, and was

bound to know, that the commissioners had no power to thus enter into a contract, and that a contract thus attempted to be entered into would be null and void and would not bind either party."

If such contract could not bind the contractor we are unable to see how a materialman could be in a better light. Had the plaintiff promptly made the contractor's indebtedness known to the board, either by verbal notice, or such as is contemplated by the mechanics lien law, he might have protected himself even if the contract was void; but this he did not do before the moneys had been paid. The case cited has this to say, which is apropos:

"Whatever the rule may be elsewhere, in this state the public policy, as indicated by our constitution, statutes and decided cases, is, that to bind the state, a county or city for supplies of any kind, the purchase must be substantially in conformity to the statute on that subject, and that contracts made in violation or disregard of such statutes are void, not merely voidable, and that courts will not lend their aid to enforce such a contract directly or indirectly, but will leave the parties where they have placed themselves. If the contract is executory, no action can be maintained to enforce it, and if executed on one side, no recovery can be had against the party of the other side."

Finding no error in the judgment below the judgment is affirmed.

*Judgment affirmed.*

LEMERT and MONTGOMERY, JJ., concur.