RAY, TRUSTEE, *v.* BUEL ET AL.

(Decided April 2, 1935.)

*Mr. E. J. Schanfarber* and *Mr. Robert L. Mellman,* for plaintiff in error.

*Messrs. Wickham & Wickham,* for defendants in error.

SHERICK, J. This is an action instituted by the representative of a materialman who furnished material to a road contractor in the improvement of a township road. The township trustees failed to follow the procedure prescribed by the statutes, one of such omissions being the board's failure to require a bond of the contractor for the protection of materialmen, as required by the provisions of Section 2365-1, General Code. It is conceded that the contract, although it has been fully performed, was an illegal and void contract. The action is in tort, and recovery is sought against the township trustees and their bondsmen in their individual capacity for the value of the materials furnished. The plaintiff has heretofore failed to recover against the trustees in their official capacity; and this court, having opinionated in the prior suit, *Ray, Trustee, v. Board of Trustees of Trenton Twp., Delaware Co.,* 49 Ohio App., 172, 195 N. E., 707, will not again

set forth the facts or matters pertaining to the pleadings.

The result of the action in the court of first instance was the sustaining of a motion for a directed verdict in favor of the defendant township trustees and their bondsmen. It is claimed that the court erred in so acting. Among other matters it is maintained that the judgment entered on the verdict is contrary to law, and this claimed error will be the only one considered by this court by reason of the fact that it is dispositive of the entire controversy.

It is advanced as a general rule by the author in 22 Ruling Case Law, 487, Section 165, under the title of Public Officers, that:

"A public officer * * * who is a member of a corporate body upon which a duty rests, cannot be held liable for the neglect of duty of that body. If there be refusal to exercise the power of such body, it is the refusal of the body, and not of the individuals composing it. The official action of its different members is merged into the official action of the board itself as an entity."

Before proceeding to examine the authorities which have considered the question now before this court, the provisions under which this action is brought should be set forth. It is provided by Section 2365-1, General Code, "That when public buildings or other public works or improvements are about to be constructed, erected, altered or repaired under contract, at the expense of the state, or any county, city, village, township or school district thereof, it shall be the duty of the board, officer or agent, contracting on behalf of the state, county, city, village, township, or school district, to require the usual bond as provided for in statute with good and sufficient sureties, with an additional obligation for the payment by the contractor, and by all sub-contractors, for all labor performed or materials furnished in the construction, erection, alter-

ation or repair of such building, works or improvements."

Two matters with respect to this statute are of special significance, the first of which is found in the employment of the phrase, "it shall be the duty of the board." It is not prescribed to be the duty of the individual board members. The second matter of significance lies in the fact that neither this section of the code, nor any other section to which our attention has been called, provides that individual board members shall be liable in their individual capacity for any failure of the board to perform its official duty.

We do not find that an Ohio court has ever passed upon the precise question, but we perceive that a few jurisdictions have considered it. We find in *Pidgeon Thomas Iron Co.* v. *Leflore Co.,* 135 Miss., 155, 99 So., 677, *Blanchard* v. *Burns,* 110 Ark., 515, 162 S. W., 63, 49 L. R. A. (N. S.), 1199, and *Hydraulic Press Brick Co.* v. *School District of Kirkwood,* 79 Mo. App., 665, three parallel cases decided under statutes which are practically in the words of the Ohio statute. The statement of the court in the Mississippi case adequately expresses the views of the other two courts, and it is therein said:

"In the discharge of the duties imposed upon the board the members thereof act in an official and not an individual capacity, and any neglect or failure in the exercise of its powers or discharge of its duties is the default of the board, and not of the individuals composing it, and they are not liable for such default unless made so by statute."

"In the absence of an express declaration of legislative intention to impose individual liability on the members of a board of supervisors for the defaults of the board, we think it is clear that none exists."

In *Monnier* v. *Godbold,* 116 La., 165, 40 So., 604, 7 Ann. Cas., 768, 5 L. R. A. (N. S.), 463, members of the State Board of Pharmacy failed to issue a certificate

directed by the statute to be issued by the board, and it was there held:

"The duties required by the act to be performed are public duties, to be exercised for the interest of the public. The statute named the board as the entity which is to perform the duty, and not the living persons holding membership in it. The duties referred to are corporate, not individual, duties."

In *Bassett* v. *Fish,* 75 N. Y., 303, an attempt was made to hold school trustees individually liable for negligent repair of the floor in a school house, and the court there said:

"It is not seen how a member of a corporate body, upon which body a duty rests, can be held individually liable for the neglect of its duty by that body. There is no duty upon him to act individually. His duty is as a corporator, and it is [his duty] to act in the corporation in the way prescribed for its action, and by the use of its powers and means. And if there is neglect to exert its powers or all its means, it is the neglect of the body and not of the individuals composing it."

The rule finds further expression in *Lowrey* v. *Carbon Co.,* 64 Utah, 555, 232 P., 908, and in the dissenting opinion appearing in *Walton* v. *Clark,* 40 Idaho, 86, 231 P., 713. The majority of the court in the Idaho case does not consider the rule.

We are frank to confess that the state of Michigan adopts the contrary doctrine. Its adjudications are found digested in the note appearing in 49 L. R. A. (N. S.), 1199. Its conclusion is rested in the reasoning that where there is a total failure to act by a public officer, where a statute directs performance, such omission is the breach of a ministerial duty which renders the officer liable to the members of the class for which the bond is required. The state of Tennessee is also said to subscribe to this view. In *First National Bank of Key West* v. *Filer,* 107 Fla., 526, 145 So., 204, 87 A. L. R., 267, it is so held. The *Filer case* was a suit

against board members, individually, by an innocent purchaser of a negotiable note, which the board had issued in its name without lawful authority. It appeals to us that this cause is readily distinguishable, and consideration of the rule therein could easily be elided without injury to the reason and conclusion therein reached. This court however subscribes to the reason of the majority rule, and in this conclusion we deem ourselves fortified by the following words of Chief Justice Peck, appearing in *Dunlap* v. *Knapp*, 14 Ohio St., 64, at page 68, 82 Am. Dec., 468:

"It is undoubtedly true as a general rule, that when, by statute, the performance of a public duty is cast upon a public officer, and he willfully neglects to perform that duty, by which neglect another suffers some special damage, the person thus guilty, is liable in an action on the case."

"But this, like all other mere general rules, is subject to exceptions, and, among others, as ancient perhaps as the rule itself, is this, that where the duty is imposed by statute upon minor political organizations or *quasi* corporations without their consent, for purposes of public policy, and not for their benefit but that of the public at large, such omission of duty lays no foundation for the recovery of private damages, unless such recovery is expressly authorized by the statute."

See also *State, for Use of Clark Co.,* v. *Collins,* 82 Ohio St., 240, 92 N. E., 439.

It must necessarily follow that the judgment complained of was not contrary to law; and the trial court could with propriety have sustained the demurrer of the trustees and their bondsmen to the petition of the plaintiff in error.

*Judgment affirmed.*

LEMERT, P. J., and MONTGOMERY, J., concur.