694 F.2d 528
 ARKHOLA SAND & GRAVEL COMPANY, Appellant,
v.
CITY OF BOONEVILLE, Arkansas; Gerald Holcomb; J.W.
Glidewell; Carl Taylor; Claude Spain; Estate of
Rel Ross; Bill Parrish and Bob Dempsey,
Appellees.
ARKHOLA SAND & GRAVEL COMPANY, Appellant,
v.
CITY OF CHARLESTON, Arkansas; Ray Rogers; Dale Rice;
Herman Berkamp; Leroy Womack, Jeannette Root;
Virgil Watson and Woodrow Rogers, Appellees.
 Nos. 82-1564, 82-1565.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 1, 1982.
Decided Dec. 7, 1982.
 
 Walters, Davis & Cox, Greenwood, Ark., Paul X. Williams, Booneville, Ark., for appellees.
 Daily, West, Core, Coffman & Canfield, Fort Smith, Ark., for appellant.
 Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.
 PER CURIAM.
 
 
 1
 Arkhola Sand & Gravel Company appeals the district court[1] dismissal of its civil rights complaint for failure to state a claim upon which relief can be granted. Arkhola Sand & Gravel Company (Arkhola) entered into a contract with construction companies for the purpose of supplying building materials to be used in the construction of streets in Charleston and Booneville, Arkansas. The construction companies have become insolvent. When Arkhola found the construction companies were judgment-proof, it turned to the cities for the bond supplied by the companies. Although bonding is required by state law (Ark.Stat.Ann. Sec. 51-632 (Supp.1981)), neither city had exacted bonds from the companies.
 
 
 2
 Arkhola filed two actions in United States District Court under 42 U.S.C. Sec. 1983: one against the mayor, city council and City of Booneville, and one against the mayor, city council and City of Charleston. The allegations in both suits were essentially the same: that the defendants, under color of law, and of the customs and usages of the State of Arkansas and the two cities, deprived Arkhola of rights secured to it by the Constitution of the United States; that the act of failing to require the bond was arbitrary and capricious, without reason or basis, and, thus, resulted in invidious discrimination against Arkhola; that as a result, Arkhola was denied equal protection and deprived of its property without due process of law. The district court dismissed both complaints, finding that neither stated a cause of action under section 1983. That statute provides:
 
 
 3
 Sec. 1983. Civil action for deprivation of rights
 
 
 4
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. * * *
 
 
 5
 To state a cause of action under this section, Arkhola must plead and prove, not only that the person sued deprived it of a right, privilege or immunity secured by the Constitution and laws, but also that the deprivation occurred under color of any statute, ordinance, regulation, custom or usage of the state. The district court found Arkhola's complaint deficient in both respects.
 
 
 6
 The court found that Arkhola was not deprived of any rights, privileges, or immunities secured by the Constitution and laws. Arkhola contends that it was deprived of a property interest without due process of law. For this to be true, Arkhola would have to prove that under the statute it had a vested interest in the surety. As the Supreme Court stated in Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972):
 
 
 7
 To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. * * *
 
 
 8
 Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law--rules or understandings that secure certain benefits and that support claims of entitlement to those benefits. * * *
 
 
 9
 The Arkansas Supreme Court has held that the statute does not create a property interest in materialmen such as Arkhola. In Blanchard v. Burns, 110 Ark. 515, 517, 162 S.W. 63 (1913), the court considered a statute and course of events virtually identical to the one here. The issue was whether a school district and its directors were liable to a lumberman who supplied building materials to a contractor used in the construction of a school building. The school district had not required a bond, despite the statutory requirement. In holding that the lumberman had no cause of action, the court stated:
 
 
 10
 There is another sufficient reason why appellees as directors could not be held liable, and that is that the statute itself imposes no liability, either upon the school district or upon the officers, and the indebtedness was incurred after the failure of the contractor to give bond. The statute requires that the bond be placed of record so that all persons dealing with the contractor may know whether the bond has been executed. Appellant was chargeable with notice whether the bond had been given, and he had no right to voluntarily impose liability, either upon the district or the directors, when he knew, or could have known, that no bond had been given.
 
 
 11
 Id. at 518, 162 S.W. at 64 (emphasis supplied).
 
 
 12
 Even given the fact that the city councils violated the statute, Arkhola has not been constitutionally injured. It is well settled that mere violation of a state statute does not infringe the federal Constitution. Snowden v. Hughes, 321 U.S. 1, 11, 64 S.Ct. 397, 402, 88 L.Ed. 497 (1944). If Arkhola wanted to protect itself, all it had to do was check the public records to determine whether the bond had been filed. The fact that no bond was required did not give Arkhola a cause of action against anyone since, according to the Arkansas Supreme Court, it had no right to rely on the statute but, instead, had a duty to check to see if bond had been posted. Section 51-632 of Arkansas Statute Annotated did not create any right in Arkhola, so the cities' failure to require that the contractor be bonded did not deprive it of "any rights, privileges, or immunities secured by the Constitution and laws."
 
 
 13
 Because we find that Arkhola's constitutional rights have not been infringed, we affirm the district court's holding on that basis. It is, therefore, not necessary that we reach the question of whether the acts of the two city councils were done under color of state law.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas