BEEBE SCHOOL DISTRICT et al *v.* NATIONAL
SUPPLY COMPANY

83-103                                                 658 S.W.2d 372

Supreme Court of Arkansas
Opinion delivered October 10, 1983

*Hughes & Hughes,* by: *Thomas M. Hughes, III,* for appellants.

*Pickens, Boyce, McLarty & Watson,* by: *Wayne Boyce,* for appellee.

FRANK HOLT, Justice. The issue here is whether appellants are liable to appellee for the unpaid balance of material and labor furnished to the appellants in the remodeling of the school district's gymnasium. We hold appellants are not liable.

The appellants, the school district and its officials, contracted with Dewey Rodgers to supply all materials and perform labor in connection with alterations to the Beebe

School gymnasium. Admittedly, Rodgers neither furnished nor filed a contractor's bond as is required by Ark. Stat. Ann. § 51-632 (Supp. 1983) and Ark. Stat. Ann. § 51-637 (Repl. 1971). Rodgers purchased the building supplies from appellee. The appellant school district paid Rodgers the amount agreed upon in the contract. However, Rodgers failed to fully pay the appellee for the materials purchased and used in the gymnasium. After the remodeling was completed, the appellee materialman discovered that no construction bond by Rodgers existed. By that time the contractor had become insolvent and had gone out of business. The appellee filed suit in chancery court against the school district and its officials, seeking to impose an equitable lien on the gymnasium. The chancellor imposed the lien and hence this appeal.

Section 51-632 reads in pertinent part:

No contract in any sum exceeding $10,000 providing for the repair, alteration, or erection of any public building, public structure or public improvement shall be entered into by the . . . school district . . . unless the contractor shall furnish to the party letting the contract a bond in a sum equal to the amount of the contract.

Section 51-637 reads:

Before any work is performed under the contract the bond shall be filed with the Clerk of the Circuit Court of the County in which said repairs, alterations or erection of any building, structure or improvements are made.

The chancellor found that under § 51-632 the school district is liable to materialmen for supplies sold to a contractor and used in school remodeling projects when the school district failed to exact and have filed a bond from the contractor.

We have clearly held that the directors of the school board are not individually liable to materialmen for their

failure to require a contractor's bond. *Blanchard* v. *Burns,* 110 Ark. 519, 162 S.W. 63 (1913). There we further said:

> There is another sufficient reason why appellees as directors could not be held liable, and that is that *the statute itself imposes no liability, either upon the school district or upon the officers,* and the indebtedness was incurred after the failure of the contractor to give bond. The statute provides that the bond be placed of record so that all persons dealing with the contractor may know whether or not the bond has been executed. *Appellant [materialman] was chargeable with notice whether the bond had been given,* and he had no right to voluntarily impose liability, either upon the district or the directors, when he knew, or could have known, that no bond had been given. (Italics supplied.)

Recently, in *Arkhola Sand & Gravel Co.* v. *City of Booneville,* 694 F.2d 528 (8th Cir. 1982), *Blanchard* was recognized as being a correct interpretation of § 51-632. There, the court further said:

> If Arkhola wanted to protect itself, all it had to do was check the public records to determine whether the bond had been filed. The fact that no bond was required did not give Arkhola a cause of action against anyone since, according to the Arkansas Supreme Court, it had no right to rely on the statute but, instead, had a duty to check to see if bond had been posted.

Although here the statute does require a contractor's bond, we have placed the burden on materialmen dealing with a contractor to check the public records to verify the fact that such a bond has been obtained before selling supplies to the contractor. Where, as here, the supply company checks the records after the sales are made, construction is completed, and the contractor has become insolvent, it cannot maintain suit against the school district or its officials to recover its losses.

Appellee maintains that the *Blanchard* decision is inapplicable since it was rendered in a law court while this

case arose in chancery court. We disagree. The maxim that "equity follows the law" is "strictly applicable whenever the rights of the parties are clearly defined and established by law. . . . " 30 C.J.S. Equity § 103. Furthermore, we have reached the same result in a chancery case. In *East End School Dist. No. 2* v. *Gaiser-Hill Lumber Co.*, 184 Ark. 1165, 45 S.W.2d 504 (1943), we said:

> It is also true that, if the board of directors had entered into a contract for the construction of a public building and had not given a bond, the contractor alone would have been liable. The directors would not have been personally liable, and, they having contracted with a contractor to construct the building, the contractor to furnish labor and material, there would, of course, *be no liabilty of the directors or district* where the material was sold to the contractor. (Italics supplied.)

Our position is in accord with the majority view. *See* 17 Am.Jur.2d § 51; and 64 A.L.R. 678. We find no merit in appellee's allegations of constructive fraud and unjust enrichment. The duty was clearly on the appellee to ascertain whether a contractor's bond was filed. Therefore, the appellants are not liable to the appellee materialman for the $5,151.10 balance of the money owed the materialman by the contractor. We deem it unnecessary to discuss appellants' other contentions for reversal.

Reversed and remanded.

HICKMAN, J., not participating.