2009 Ark. App. 405

**ALLIANCE STEEL, INC., Appellant,**

v.

**TNT CONSTRUCTION, INC., and Tillman Adkins, Appellees.**

**No. CA 08–986.**

Court of Appeals of Arkansas.

May 20, 2009.

Hardin Jesson & Terry, PLC, by: J. Leslie Evitts III, Fort Smith; and McAfee & Taft, A Professional Corporation, by: Ross A. Plourde, Oklahoma, OK, for appellant.

Osmon & Ethredge, P.A., by: David L. Ethredge and Johnnie A. Copeland, Mountain Home, for appellees.

JOSEPHINE LINKER HART, Judge.

Appellant, Alliance Steel, Inc. (Alliance), appeals from the circuit court's judgment rejecting both its fraud and negligence claims against appellee Tillman Adkins, but awarding it judgment against appellee TNT Construction, Inc. (TNT) on Alliance's contract claim against TNT. On appeal, Alliance asserts that the court erred in rejecting the fraud and negligence claims. We affirm the circuit court's decision.

On June 10, 2002, TNT contracted with the Omaha School District to construct a metal building for the sum of $168,000. Also on June 10, 2002, TNT executed a contract with Alliance for the purchase of a metal building for the sum of $83,611. The contract was signed by Tillman Adkins, as president of TNT, and subsequent change orders were made to the contract increasing the price to $83,655.

Before executing the contract with TNT, Alliance prepared and required TNT to complete a document entitled "Jobsite Information Sheet," which in part asked, "Is the project bonded?" The question was answered, "Yes." The document further provided, "If yes, attach a copy of the bond." A bond, however, was not attached. In fact, no payment bond was ever applied for or issued.

Alliance completed manufacture of the building and delivered it to TNT. The Omaha School District paid TNT as agreed, but Alliance was not fully paid by TNT. Alliance brought a cause of action against TNT alleging breach of contract. Alliance also sought recovery from TNT and Adkins, alleging that "[p]rior to Alliance entering into the contract, and to induce Alliance to enter into the contract, Adkins expressly represented to Alliance that TNT had obtained a payment bond to assure all amounts that may become due to Alliance under the contract," that "Alliance reasonably relied on Adkins's representation by entering into the contract," that "Alliance would not have entered into the contract but for Adkins's representation," that "contrary to Adkins's express representation, TNT did not obtain a payment bond," and that Alliance suffered damages "[a]s a direct consequence of Adkins's misrepresentation." Further, Alliance sought recovery against Adkins, alleging that Adkins "undertook the obligation and duty to obtain a payment bond," that Adkins "represented to Alliance that he had obtained a payment bond to assure all amounts that may become due and payable to Alliance under the contract," that "Adkins failed and neglected to actually obtain the payment bond in breach of his duty to Alliance," and that "[a]s a result of the negligence of Adkins in failing to obtain a payment bond," Alliance suffered damages.

Following a hearing, the circuit court found in favor of Alliance on its breach-of-contract claim. On the claim of fraud, the circuit court found that the representation in the Jobsite Information Sheet that there was a payment bond was false. The court noted, however, that no bond was attached as requested. The court opined that, to claim fraud or constructive fraud, one has an affirmative duty to make further inquiry into conflicting information, and Alliance's failure to require a copy of the bond before entering into the contract precluded Alliance from claiming fraud or constructive fraud. On the negligence claim, the court concluded that Adkins "merely failed to obtain the bond," and that this was "nonfeasance which will not give rise to a tort claim against him."

On appeal from the circuit court's decision, Alliance raises two points. First,

Alliance asserts that the court erred in rejecting its fraud claim against Adkins. Specifically, Alliance argues that the circuit court "imposed on Alliance a duty to investigate the truth of Adkins's representation" when "[n]o such duty exists." Second, Alliance asserts that the court erred in rejecting Alliance's negligence claim against Adkins. It argues that Adkins, "as the party acting on behalf of TNT, owed a duty to subcontractors and materialmen like Alliance to obtain a bond, that it negligently breached that duty, and that Alliance suffered damages ǀ4as a result of that breach." Alliance cites to Ark.Code Ann. § 18–44–503(a) (Repl.2003), as requiring TNT to post a bond.

The statute cited by Alliance provides in part that "[n]o contract in any sum exceeding twenty thousand dollars ($20,000) providing for the repair, alteration, or erection of any public building, public structure, or public improvement shall be entered into by ... any ... school district ... unless the contractor shall furnish to the party letting the contract a bond in a sum equal to the amount of the contract." Ark.Code Ann. § 18–44–503(a). Further, "[b]efore any work is performed under the contract, the bond shall be filed with the clerk of the circuit court of the county in which the repairs, alterations, or erection of any building, structure, or improvements are made." Ark.Code Ann. § 18–44–507 (Repl.2003).

The effect of these statutes was discussed in *Beebe School District v. National Supply Co.*, 280 Ark. 340, 658 S.W.2d 372 (1983). There, a school district contracted with a contractor to supply materials and perform labor in connection with work on a school gymnasium. The contractor neither furnished nor filed a contractor's bond as required by the statutes. The contractor purchased building supplies

from a materialman, but after the school district paid the contractor, the contractor failed to fully pay the materialman for the materials purchased and used in the gymnasium. After the project was completed, the materialman discovered that no bond existed and that the contractor was insolvent.

ǀ5The Arkansas Supreme Court reversed the chancellor's imposition of an equitable lien on the gymnasium, and further, found no merit in the materialman's allegations of constructive fraud and unjust enrichment. The court stated, "Although the statute does require a contractor's bond, we have placed the burden on materialmen dealing with a contractor to check the public records to verify the fact that such a bond has been obtained before selling supplies to the contractor." 280 Ark. at 343, 658 S.W.2d at 374. Further, it stated that the "duty was clearly on the [materialman] to ascertain whether a contractor's bond was filed." 280 Ark. at 344, 658 S.W.2d at 374.

Thus, *Beebe School District* answers both issues raised by Alliance. While Alliance argues that it had no duty to investigate the truth of Adkins's representations, in *Beebe School District,* the Arkansas Supreme Court rejected a claim of constructive fraud and squarely placed the burden on the materialman to check public records to determine if there was a bond filed of record. Thus, contrary to Alliance's assertion, it cannot make out a claim of fraud, as it did not determine that there was not a bond until after it had provided supplies to Alliance. As for Alliance's assertion that Adkins owed a duty to Alliance to obtain a bond, again, the Arkansas Supreme Court in *Beebe School District* indicated that it was instead Alliance's duty to determine whether a bond

was filed. Thus, as Alliance had a duty to determine whether a bond was filed, Alliance cannot make out a claim of negligence based on its assertion that TNT and Adkins had a duty to obtain a bond. Accordingly, we [6]affirm the circuit court's decision.[1]

Affirmed.

ROBBINS and BAKER, JJ., agree.

1. We may affirm the trial court where it is correct, but states wrong reason for its ruling. *See, e.g., Miles v. Southern,* 297 Ark. 274, 760 S.W.2d 868 (1988).